[Civ. No. 47635. Second Dist., Div. Five. Feb. 25, 1977.]

In re the Marriage of JEAN and ROGER A. CARL.
JEAN CARL, Respondent, v.
ROGER A. CARL, Appellant.

**COUNSEL**

Mackey & Klein and Stuart L. Brody for Appellant.

Tumbleson & Lawton, Stephen E. Lawton, Edward L. Lascher and Wendy Cole Wilner for Respondent.

**OPINION**

**KAUS, P. J.**—Dissolution action. Roger A. Carl appeals from an interlocutory judgment dissolving his marriage to petitioner Jean Carl. Only the community property is at issue.

## FACTS

This petition to dissolve the marriage was filed in January 1974. Earlier, in September 1972, the parties had entered into a property settlement agreement[1] and Jean had filed an earlier petition to dissolve the marriage. Jean was then represented by an attorney who prepared the property settlement agreement. Roger did not have an attorney.

In November 1972, the parties entered into a conditional reconciliation agreement, also drafted by Jean's attorney. This agreement provided that the reconciliation would not "abrogate or vitiate, . . . the validity of the Petition for Dissolution of Marriage heretofore filed and the Property Settlement Agreement heretofore entered into," unless the parties continued to live together for a period of a year after the date of the conditional reconciliation agreement.

The parties separated again in October 1973. Meantime, in about January 1973, Jean and Roger had discussions concerning the dismissal of the previous action. Roger asked Jean to "have it discontinued, because he could not stand this being held over, and he felt that it was harmful to him, . . . ." Jean phoned her attorney, who sent her a letter which reads:

"[E]nclosed is an original Dismissal to be signed by yourself where indicated, and return to me. . . . [¶] You recognize that this completely dismisses the divorce action, and that in the event something occurs in the future, an entirely new action will have to be commenced. *This also completely vitiates the Property Settlement Agreement and is an acknowledgement by you and your husband of a complete reconciliation.*" (Italics added.)

Jean was aware of the language in the letter and understood it. When Jean received the letter from her attorney she showed it to Roger. She then signed and mailed the letter. The first action was dismissed.

[1]The details of this agreement are not material to this appeal.

At the trial of this action, held in March 1975, there was evidence that Jean had worked for the telephone company since October 1963. Jean would not be eligible to receive a pension until she reached 55 years of age and had accumulated at least 20 years of service, or reached age 62 and had quit after having worked at least 15 years.

The trial court in dividing the property made no provision for Jean's unvested pension. The court did provide for a division of Roger's vested pensions and retained continuing jurisdiction to make further orders concerning those pensions.

## DISCUSSION

1. *The 1972 Property Settlement Agreement.*

■ The trial court, in dividing the community property, ignored the 1972 property settlement agreement, necessarily finding, as Roger points out, that the parties "mutually cancelled, rescinded or abandoned the agreement . . . ." He contends there is no substantial evidence to support such an implied finding. We disagree.

There was evidence, as stated above, that Roger requested that the action be dismissed; that Jean's attorney informed her that a dismissal of the action would vitiate the property settlement agreement, that Jean showed the letter to Roger and that the action was dismissed as he had requested. From that evidence, the trial court was entitled to infer that when Jean showed Roger her attorney's letter and he said nothing to stop her from causing the action to be dismissed, his silence expressed his consent and understanding that the property settlement agreement was cancelled.

2. *Pension Rights.*

■ We agree with Roger that the trial court erred in failing to consider Jean's interest, although nonvested, in the telephone company pension plan. In *In re Marriage of Brown* (1976) 15 Cal.3d 838, 841-842 [126 Cal.Rptr. 633, 544 P.2d 561], our Supreme Court held that pension rights "whether or not vested, represent a property interest;" and "to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding."

Though this case was tried before *Brown* was decided, Roger is entitled to share in Jean's pension, if and when she receives it, since *Brown* held that the decision in that case would apply retroactively to cases not yet final. (15 Cal.3d at p. 851.)

Jean contends that it is "hypocritical" of Roger to demand a share of his wife's pension rights since he also argues that the 1972 property settlement agreement be enforced. His claim fails, however, and hypocrisy alone does not dissolve community property rights. Jean also asserts that Roger has waived any claim to her pension by failing to plead it and to present sufficient evidence on which the court could have made a division of the property. Roger was not bound to anticipate *Brown*, however, and since Jean's interest in the telephone company pension plan was concededly unknown, there would have been no point in his trying to spin cloth out of air.

There is still nothing for the trial court to divide. Therefore, instead of reversing and remanding to the trial court, we modify the judgment by adding: "The court reserves jurisdiction regarding respondent's claim to an interest in petitioner's nonvested pension plan."

On motion of either of the parties (*In re Marriage of Adams* (1976) 64 Cal.App.3d 181, 185-186 [134 Cal.Rptr. 298]), the trial court can determine the value of the pension and the portion attributable to the community, and can make appropriate adjustments in the present division of Roger's pension to assure a continued equitable division of community property.

As modified, the judgment is affirmed.

Ashby, J., and Hastings, J., concurred.