[Civ. No. 10071. Second Appellate District, Division Two.—February 13, 1935.]

OTTO C. WHITAKER, Petitioner, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Respondents.

Loren A. Butts for Petitioner.

Ray L. Chesebro, City Attorney, J. M. Stevens, Assistant City Attorney, Russell B. Jarvis, Deputy City Attorney, and S. B. Robinson for Respondents.

CRAIL, J.—This is a proceeding in *mandamus* to compel the respondent Board of Water and Power Commissioners of the City of Los Angeles to restore petitioner to duty in the position of chief clerk in the Department of Water and Power and to compel respondents to pay the petitioner the salary allegedly due him from September 6, 1933, until he is restored to duty. The petitioner had been a civil service

employee of the respondents for many years when on October 21, 1928, he was appointed and accepted the position of special commercial agent, a position not under civil service. In this position he continued until December 10, 1930, when he was again appointed to a position under the civil service, and he continued in that position until the position was abolished. The petitioner contends that he is entitled to credit on his seniority for the period during his separation and in any event for his years of service prior to the time he separated himself from the civil service. It is the contention of the respondents, however, that petitioner's separation from the civil service by reason of his resignation in 1928 has deprived him of the seniority which he claims and it refuses to remove the incumbent whom petitioner seeks to displace.

Section 9 of rule XVIII of the rules of the civil service commissioners of Los Angeles provides that if an employee has been separated from the service by resignation and is again employed he shall not receive any seniority credit for his service rendered prior to his separation from the service. Petitioner frankly admits ''should this honorable court decide that section 9 of rule XVIII of the Civil Service Commission is valid and that when petitioner vacated the position of chief meter reader on December 1st, 1928, to accept the position of special commercial agent, he was thereby separated from the service by resignation, then no further question involved in this proceeding need be considered for the reason that in that event the petitioner would have only such seniority as he has accumulated subsequent to December 10, 1930''.

In determining whether or not said rule is valid we should keep in mind that the civil service system has a terminology of its own and that throughout its literature it makes a sharp distinction between *absence* from the service and *separation* from the service. The charter provisions (and the petitioner relies upon a charter provision) make this distinction between absence from the service and separation from the service. ''Absence'' from the service connotes a temporary severance from service. ''Separation'' from service connotes a final or permanent severance. Neither the rules nor the practice under the civil service system have ever contemplated leaves of *absence* for those who resign or

are separated from service. The section of the city charter which deals particularly with separation from service is section 110, whereas section 125, upon which the petitioner relies, deals with absence from service but does not deal at all with separation from service. The part of section 125 upon which petitioner relies is as follows: " . . . and any person so suspended shall be entitled to displace the person holding a position in a class-group in which a regular position was formerly held by the person so suspended, who has a shorter length of service in such class-group and in classes of higher rank after deducting periods of *absence* from the *city service* since original regular appointment in such class as provided by the rules of the Board." This section provides for the manner and order in which persons may be suspended and restored, but it does not speak of persons who are separated from the service nor of their reinstatement. In the light of what we have said it is apparent that section 9 of rule XVIII of the Civil Service Commission is not in conflict with section 125 of the city charter and is not invalid.

The next question for us to determine is whether or not the petitioner resigned his position under the civil service when he voluntarily separated himself from it to accept a position with a much larger salary but which did not have the protection and benefits of the civil service provisions. That the petitioner did so resign is made clear by his own statement in his "Request for Restoration to Eligible List" dated November 20, 1930 (Respondents' Exhibit No. 7), in which he expressly stated that he "resigned to take exempt position in Department of Water and Power", which is confirmed by the "Termination of Employment" dated December 10, 1928 (Respondents' Exhibit No. 6), which bears the words, "Resigned—Appointed Special Commercial Agent". Having resigned his position under the civil service system and having voluntarily separated from and surrendered his previous seniority credits, petitioner's appointment in 1930 became an "original appointment". It is evident, therefore, that the petitioner is not entitled to a writ of mandate.

Petitioner contends both in his brief and in his reply brief that there are two kinds of service—exempt and classified, and that the words "city service" in section 125 em-

brace both kinds, and therefore he loses none of his rights under civil service even though he is separated therefrom by his resignation to accept a political job as distinguished from a civil service job. The word "city" in this connection was used to limit the service which would count toward seniority to service for the city of Los Angeles as distinguished from a position in the competitive class of civil service of the state or any of its civil divisions. But the service must be "civil service". Petitioner relies upon *Schaefer* v. *Rathman,* 237 App. Div. 491 [261 N. Y. Supp. 466], in which the court holds that under the laws of New York the word "service" may be considered "city service". But in the very next sentence of the opinion it is made clear that in order to come within the benefits of the civil service law the service, whatever it may be, must be "within the civil service of the city".

The respondents present several other grounds to sustain their contention that petitioner is not entitled to a writ, but those already treated being fundamental and decisive we shall not prolong this opinion.

Writ of mandate denied.

Stephens, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1935.