[L. A. No. 15687. In Bank.—June 23, 1936.]

PAUL EDDY RICHARDSON, Appellant, v. BOARD OF
EDUCATION OF LOS ANGELES CITY SCHOOL
DISTRICTS et al., Respondents.

W. A. Alderson, for Appellant.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration, we are satisfied that the said court has correctly determined the issues, and we accordingly adopt the opinion of Mr. Justice *pro tempore* Shinn as the opinion of this court. It is as follows:

"Plaintiff seeks the mandate of the court requiring respondent school district to classify him as a permanent teacher. Plaintiff's rights are governed by his contract with the board and by section 1609, subd. 2 (e), Political Code (Stats. 1927, p. 1913), under which it was the duty of defendant board to classify plaintiff as a permanent teacher if he had been 'successfully employed by the district for two or three complete consecutive school years', as a probationary teacher. The three-year period applies under the provision of the section that the classification shall be made at the end of either the second or third year of the employment, at the option of the governing board of the district, no classification having been made at the end of the second year. The complaint alleges and the answer denies that plaintiff was so employed.

"Respondent admits that the second and third years' services were complete but contends that the first year's service (1928–1929) was incomplete. The court found that plaintiff's contract contained, among other provisions, the following: 'To all Probationary Teachers: According to the California School Law, a teacher who enters a School District must successfully serve as a probationary teacher on a probationary contract for two full, consecutive years. In order to count as a full school year, it is necessary to teach a minimum of one hundred ninety-five days. A

teacher who serves less than one hundred ninety-five days in a school year cannot receive a permanent contract at the end of two years, but must continue to serve on a probationary contract until the requirements are met. However, the increase in salary can be earned by two years of service of not fewer than one hundred fifty school days each.'

"There is no statutory provision as to the number of days of teaching required to make up a complete school year as that term is used in said section 1609. In Los Angeles City High School District two hundred days was adopted as the maximum number of teaching days in the school year and under rules of the board one hundred ninety-five was fixed as the minimum number of days of teaching with which the teacher must be credited to make up a complete year. In addition thereto, under the rules of the board half pay was allowed for sick leave for not exceeding ten days during the school year, and full pay for not exceeding ten days when the teacher should be quarantined, not exceeding two such periods in a school year, and in certain other cases, not material here, full pay was allowed.

"During the year 1928–1929 plaintiff was credited with one hundred eighty-four days' actual teaching and was absent sixteen days, all on account of illness. He was credited with four days out of the sixteen on account of being quarantined and he was given a further credit for ten days' absence on account of illness, at half pay, or five full days. The remaining two days were charged against him as unexcused absences. This credit of nine days brought his total of paid teaching days to one hundred ninety-three, or two short of the required minimum. It was upon the ground that this year's service was incomplete that the board refused to give him a rating as a permanent teacher and judgment went against him in the trial court.

"Under its general powers to govern the schools in the district the board had power to make rules not inconsistent with the state law or the rules of the State Board of Education. (Pol. Code, sec. 1607, subd. 1; Stats. 1917, p. 736.) It was also the duty of the board to employ teachers, fix their compensation unless otherwise provided by law, and to fix and prescribe their duties. (Pol. Code, sec. 1609, subd. 1; Stats. 1917, p. 737, sec. 1609, subd. 5B; Stats.

1921, p. 1665). The district board, therefore, was fully competent to make the rules here involved, fixing a required minimum number of days' attendance by teachers and a schedule of excusable absences. Such rules, indeed, would seem to be necessary for a proper definition of the teachers' duties of attendance and to provide as well for emergency absences for which the teachers should not be penalized as to compensation or credit for attendance.

"The relation between the teacher and the school district is one that is created by contract. (*Leymel* v. *Johnson*, 105 Cal. App. 694 [288 Pac. 858]; *Gould* v. *Santa Ana High School District*, 131 Cal. App. 345 [21 Pac. (2d) 623]; *Wood* v. *Los Angeles City High School District*, 6 Cal. App. (2d) 400 [44 Pac. (2d) 644].) Plaintiff's several contracts made specific reference to the rules and regulations of the board, the employment being subject thereto. It appears, therefore, that essential terms of the employment to which the parties agreed were that one hundred ninety-five days of teaching service should be rendered each year, computed under the rules of the board, and that if the days of service fell below the minimum requirement the year in question would not be considered one during which plaintiff was successfully employed for a complete year.

"Plaintiff's rights are governed by the contract in all matters in which the law leaves the parties free to contract. There is no conflict between the rules of the board here involved, which were incorporated into the contract, and the state law on the subject. The provisions of the contract, therefore, are controlling. Plaintiff's services having fallen short of a complete year's service were insufficient to meet the requirements of the contract and the rules of the school district and he has failed to comply with the conditions upon which his right to a rating as a permanent teacher depends. (*Wood* v. *Los Angeles City High School District, supra.*)

"Plaintiff's further contention that he was successfully employed for three complete years because a contract subsisted throughout each year is untenable. It would be violative of the clear purpose of the law and of the terms of the contract of employment, as well, to allow one holding a contract as a probationary teacher for three successive years to acquire the status of a permanent teacher without

having rendered the successful service which furnishes the reason for the probationary period. Neither can we agree that substantial as distinguished from full compliance with the terms of his contract is sufficient to bring plaintiff within the classification he seeks. The authorities cited by him to the effect that illness does not of itself terminate a contract are not in point. The board did not seek to terminate plaintiff's employment nor does it appear that there existed any ground for such termination. The point is that the required services contracted for were not rendered. Respondent board acted properly in exacting performance upon plaintiff's part and in refusing to give him a classification he had not earned."

In support of the above conclusion, reference may also be made to *Wood* v. *Los Angeles City School District*, 6 Cal. App. (2d) 400, 404 [44 Pac. (2d) 644].

It may be noted, however, that the problem presented by the instant case will no longer arise, for by the enactment of section 5.503 of the School Code in 1931 the legislature provided that a probationary employee who has served for 75 per cent of the school days shall be deemed to have served a complete school year.

The judgment is affirmed.