[Civ. No. 22225. First Dist., Div. Three. Feb. 27, 1967.]

R. E. CRUMMER, Plaintiff and Respondent, v. ALLAN F. ZALK et al., Defendants and Appellants.

C. Dan Lange, Wadsworth, Fraser & McClung and Edgar T. Fraser for Defendants and Appellants.

Osburn & Osburn and Marvin Osburn for Plaintiff and Respondent.

DRAPER, P. J.—After 52 days of trial to the court without a jury, plaintiff had judgment against defendants Zalk and Beeler. Both defendants appeal. The appeal is upon the clerk's transcript alone, although that transcript contains exhibits introduced at trial. Our statement of facts summarizes the findings.

In 1957, plaintiff exchanged his Oakland office building for defendant Beeler's ranch near the San Mateo County coast. As part of this exchange agreement, Beeler was to manage the ranch properties until 1960. If plaintiff sold the ranch during that period for a price which, with ranch income, exceeded $1,000,000, Beeler was to receive a share of the excess.

If plaintiff rejected an offer which was acceptable to Beeler and exceeded $1,600,000, Beeler was to be paid $300,000 plus one-third of the excess over $1,450,000.

Zalk had sustained a claimed loss in an earlier transaction with Beeler, and had joined in several transactions with him in an effort to recoup. On December 9, 1958, Zalk made a written offer to plaintiff to purchase the land for $2,600,000. The offer was accompanied by a check for $50,000, an amount which Zalk did not have on deposit. Plaintiff accepted the offer. Zalk then repudiated his offer and purportedly stopped payment on the worthless check. The repudiation, as well as the original offer, was the product of collusion between Zalk and Beeler. They planned that if plaintiff rejected the offer, Beeler would assert the offer to be acceptable to him, and claim his share of ''profits.'' If plaintiff accepted it, Zalk could later repudiate upon some pretext of nonperformance by plaintiff, and Beeler could still claim his share of profits. Beeler thus induced Zalk to breach his contract with plaintiff. Judgment was for the excess of sales price over true value of the land, less offsets to which Beeler would have been entitled had the agreement been performed.

Appellants point out that the land description and the accepting parties named in the written acceptance differed from those of the written offer, and assert that Zalk's offer must be deemed rejected. But the trial court concluded, from detailed findings of fact, that Zalk intended the description given in plaintiff's acceptance, and that Beeler, though an addressee of the offer, in fact and to Zalk's knowledge had no title, and also that plaintiff had authority to accept for Beeler, as he did.

█ Since this appeal is upon the clerk's transcript and certain exhibits only, it is treated as an appeal on the judgment roll (*Kopf* v. *Milam,* 60 Cal.2d 600, 601 [35 Cal.Rptr. 614, 387 P.2d 390]). █ Since no error appears on the face of the record, all intendments will be in support of the judgment (Cal. Rules of Court, rule 52; *Dumas* v. *Stark,* 56 Cal.2d 673, 674 [16 Cal.Rptr. 368, 365 P.2d 424]; see *People* v. *Mitchell,* 63 Cal.2d 805, 818 [48 Cal.Rptr. 371, 409 P.2d 211]). The burden is on appellants to show affirmatively that there was prejudicial error. █ Production of a record insufficient to show whether the trial court was right or wrong is not the equivalent of demonstrating error (*Conner* v. *Rose,* 219 Cal.App.2d 327, 329 [32 Cal.Rptr. 919]). We must assume that evidence supporting the detailed findings was adduced

(*White* v. *Jones,* 136 Cal.App.2d 567 [288 P.2d 913]), and the briefs concede that much oral evidence on these issues was received. It follows that appellants' contention is not established on this record.

But, say appellants, such evidence could have been received only in violation of the parol evidence rule, and we therefore must look only to the writings. But it is now settled in California that the admission of parol evidence cannot be objected to for the first time on appeal (*Pao Ch'en Lee* v. *Gregoriou,* 50 Cal.2d 502, 506 [326 P.2d 135] ; *Santa Clara Properties Co.* v. *R.L.C., Inc.,* 217 Cal.App.2d 840, 849, 850 [32 Cal.Rptr. 333], and cases there cited). The claimed error could have been raised in the trial court only by objection to the offer of extrinsic evidence. Absent such objection, the right to urge the error on this appeal is waived (*Pao Ch'en Lee* v. *Gregoriou,* supra). Since we cannot presume error (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 601 [191 P.2d 432]), we cannot assume that objection was made and overruled. Rather, we can find error only when appellants produce a record that demonstrates it (*Conner* v. *Rose, supra*). They have not done so here, although a partial transcript or settled statement could have sufficed to show objections if any in fact were made. It is conclusively presumed that the evidence introduced amply supports the findings (*Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350]).

 Appellants next argue that the third count, that on which the judgment is essentially based, did not state a cause of action. But it does allege Zalk's offer, plaintiff's acceptance, breach by Zalk, and inducement of that breach by Beeler's collusion and conspiracy with Zalk. This count did allege an actionable breach by Zalk and the inducement thereof by Beeler. Findings in accord with these allegations were made, and they support the judgment against both appellants.

 But, say appellants, this count alleged a cause of action only in fraud. If so, plaintiff could recover but the difference between the value of that with which he parted and the value of what he received (Civ. Code, § 3343), and would not be entitled to the benefit of his bargain. The judgment, say appellants, thus is erroneous in awarding as damages the difference between actual value and contract price. But the findings sustain a judgment against Zalk for breach of contract and against Beeler for inducing that breach. In such case, the damages here awarded are properly measured. In essence, appellants argue that because their collusion contrib-

uted to inducing plaintiff to enter into the contract, their conspiracy to repudiate it deprives plaintiff of the right to a contract measure of damages. This startling doctrine could license freebooters and encourage fraud. We do not accept it.

Appellants point to the memorandum opinion filed by the trial judge as indicating that he perhaps based his decision on fraud rather than contract. ▮ But it is the action of the court, as shown by the findings and conclusions, which is presumed to be correct. Its reasoning is not the subject of review (*Conner* v. *Rose, supra,* 219 Cal.App.2d 327).

We find no merit in the other assertions of error.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.

The petition of appellant Beeler for a hearing by the Supreme Court was denied April 26, 1967. Mosk, J., did not participate therein. Peters, J., and Sullivan, J., were of the opinion that the petition should be granted.