[Civ. No. 31051. First Dist., Div. Two. Apr. 18, 1973.]

HELEN RUTLEY, Plaintiff and Appellant, v.
BELMONT ELEMENTARY SCHOOL DISTRICT
OF SAN MATEO COUNTY, Defendant and Respondent.

703

**COUNSEL**

Richard H. Perry for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Jerome F. Coleman, Deputy District Attorney, for Defendant and Respondent.

## OPINION

**KANE, J.**—Plaintiff Helen Rutley appeals from the trial court's judgment dissolving the alternative writ of mandate previously issued and denying the peremptory writ requested.

The pertinent facts reveal that effective February 10, 1971,[1] appellant, a certificated elementary school teacher, was employed by respondent as a substitute to teach classes in the elementary schools of the district. The following day, February 11, 1971, one Monica Marvin ("Monica"), a classroom teacher, resigned from her certificated position. Appellant was assigned to teach classes formerly taught by Monica. The record is undisputed that from the date of her employment appellant was classified by respondent as a substitute teacher and was paid $30 per day according to the substitute salary rate. It is also uncontradicted that appellant served without objection as a substitute until the end of the 1970-1971 school year when her employment was terminated without notice and hearing.

Appellant contends that under Education Code,[2] sections 13336 and 13334, she was entitled to the classification of a probationary employee as a matter of law. Based upon that hypothesis, she argues that she (1) should have been paid according to the probationary salary schedule; and (2) could be terminated by respondent only after notice and hearing and only for cause (§ 13443).

Section 13336, on which appellant places her main reliance, provides in pertinent part that "Governing boards of school districts shall classify *as substitute employees* those persons employed in positions requiring certification qualifications, *to fill positions of regularly employed persons absent from service*."[3] (Italics added.) Section 13334, in turn, sets forth that "Governing boards of school districts *shall classify as probationary* employees, those persons employed in positions requiring certification qualifications for the school year, *who have not been classified as permanent employees or as substitute employees*." (Italics added.)

---

[1] The record is unclear as to the date of appellant's employment. While the petition for writ of mandate avers that appellant was employed on February 1, 1971, respondent's answer designates February 10, 1971, as the commencement of the employment. It is undisputed, however, that the vacancy created by Monica Marvin's retirement arose *after* the date of appellant's employment.

[2] Unless otherwise indicated, all references will be made to the California Education Code.

[3] Although section 13336 was amended, effective March 4, 1972, the quoted portion is the same.

Appellant argues that the statutory phrase "regularly employed persons absent from service" (§ 13336), of necessity, connotes those persons who are only *temporarily* absent from the service due to leave of absence, sick leave, etc., but conceptually exclude those who permanently sever their ties of employment and thereby cease to be "regularly employed persons" within the meaning of the statute (cf. *Fry* v. *Board of Education* (1941) 17 Cal.2d 753, 759 [112 P.2d 229]; *Whitaker* v. *Dept. of Water & Power* (1935) 4 Cal.App.2d 530, 532 [41 P.2d 367]). Appellant insists that, since she took the place of a resigned teacher and since resignation is a total severance of employment (*Shade* v. *Board of Trustees* (1937) 21 Cal.App.2d 725 [70 P.2d 490]; *Sherman* v. *Board of Trustees* (1935) 9 Cal.App.2d 262 [49 P.2d 350]), she is *ipso jure* entitled to a probationary status under section 13334.

While appellant's contention has some superficial plausibility, a closer analysis of the cited sections reveals that it suffers from an inherent weakness which is fatal to her claim. It is quite apparent that section 13334 is simply a "catch-all" provision directing that those employees who have not been classified as permanent or substitute be classified as probationary employees. Patently, this section does not spell out who should be classified as substitute employees. This task has been left to section 13336 which unequivocally provides that those certificated teachers who fill the positions of regularly employed persons absent from service, shall be classified as substitute employees. That section is completely silent with regard to teachers who, like appellant, replace permanently separated certificated employees. The only other pertinent provision which deals with substitute employees is section 13508 which sets out in part that "The governing board of any school district may employ such substitute employees of the district as it deems necessary. . . ." It follows from the foregoing that appellant must either admit that there is a statutory gap concerning the situation here presented[4] or that the general provisions contained in section 13508 are applicable. In either case, appellant's claim must fail.

It is blackletter law that, unless statutory mandate compels otherwise, the position of the teacher is created and fixed by the terms of the contract of employment (*Matthews* v. *Board of Education* (1962) 198 Cal.App.2d 748, 752-753 [18 Cal.Rptr. 101]; see also: *Holbrook* v.

---

[4]We note that section 13336.5, which provides in essence that any employee classified as a substitute employee, who teaches during one school year for *at least 75 percent* of the school days in any class or classes which would have been taught by one person absent from service, shall be deemed a probationary employee, does not apply to the instant case, because appellant taught only one semester extending from February 10, 1971, to June 1971, which on its face falls short of the 75 percent statutory requirement.

*Board of Education* (1951) 37 Cal.2d 316, 331 [231 P.2d 853]; *Richardson* v. *Board of Education* (1936) 6 Cal.2d 583, 586 [58 P.2d 1285]). The record in the instant case leaves no doubt that the contract between appellant and respondent classified her as a substitute teacher. Since, contrary to appellant's contention, her classification as a probationary teacher was not compelled by the statute, the contract is controlling. Consequently, appellant must be held a substitute teacher in accordance with the intention of the parties and the express terms of the agreement.

The conclusion reached above is well supported, not only by the construction of the statute but also by its underlying rationale. As the court aptly stated in *Wood* v. *Los Angeles City School Dist.* (1935) 6 Cal. App.2d 400, 402 [44 P.2d 644]: "The distinctions between the probationary classification and the substitute classification are obvious. The probationary teacher is employed for the full year.[5] The substitute teacher is employed from day to day to serve at the option of the school district . . . . *The probationary plan was provided so that the school board would have an opportunity to determine,* before a teacher should be given a lifetime position in teaching children of the district, *whether or not that teacher would be thoroughly satisfactory.* Her ability to impart instruction, her power to hold the attention of the pupils and to maintain order, her power to inculcate principles of righteousness and loyalty and to fill the children with a sense of their obligations to society and to country, all these and other qualifications must be carefully investigated and determined, before the district is obliged to decide and to take the important step of employing her permanently. For such purpose the probationary classification is created. . . . The substitute teacher has no satisfactory opportunity to carry out either her own plans or the plans of the regular teacher. *A teacher who comes into a classroom . . . as a mere substitute . . . does not have presented to her the same problems as those presented to a probationary teacher, nor the same test of her capabilities.* For a short time the substitute may be able to maintain order and carry on the assignments of the work along the lines of the regular teacher, but *the question whether or not she could do this work with success continuously is one which the district cannot well determine under the circumstances . . . .*" (Italics added.)

In light of such sound legal policy it would be unreasonable, unwise, and unfair indeed to impose a statutory duty upon respondent to provide

---

[5]Or for at least 75 percent of the school days during the school year (see § 13336.5, *supra,* added by Stats. 1963, ch. 1964, § 2, p. 4043).

probationary status to appellant, a newly employed teacher, based solely on the fortuitous circumstance that the vacancy to be filled came about through a permanent rather than a temporary absence of her predecessor, without first affording respondent a chance to test her ability as a teacher.

The legislative intent that the school district should have a free hand in classifying newly hired teachers is further illustrated by 1971 legislation which, by amending section 13336 and adding a new section (§ 13337.3[6]) to the statute, provides in substance that notwithstanding section 13336, a school district may employ certificated teachers even on the lesser status of temporary employee when filling positions of regular teachers who are absent due to leave or long-term illness.

■ We finally observe that aside from the foregoing considerations, appellant's claim must be also rejected on the additional ground that it lacks evidentiary support. It is evident that appellant's claim that she should have been classified as a probationary employee is predicated on the assertion that she had been employed for the express purpose of filling the vacancy created by Monica's resignation. In contradiction of this allegation, the record discloses that appellant was employed either February 1 or February 10, 1971, but in any case *before* Monica's retirement which took place on February 11, 1971. Section 13335 provides that *"The classification shall be made at the time of employment* and thereafter in the month of July of each school year." (Italics added.) It follows that appellant, as a matter of law, was precluded from being classified as a probationary employee at the time when her contract of employment was entered into because at that time her predecessor was not absent from service at all.

■ It also ought to be pointed out that the appeal here is on the judgment roll. It is well established that on such an appeal the judgment can only be attacked for errors which affirmatively appear upon the face of the clerk's transcript, and the question of sufficiency of evidence in support of the findings is not open. In such a case, the reviewing court must

---

[6]Section 13337.3 sets forth in part that *"Notwithstanding the provisions of Sections 13336, 13336.5, and 13337, the governing board of a school district may employ as a teacher,* for a complete school year but not less than one semester during a school year, *any person holding appropriate certification documents, and may classify such person as a temporary employee.* The employment of such persons shall be based upon the need for additional certificated employees during a particular semester or year *because a certificated employee has been granted leave* for a semester or year, *or is experiencing long-term illness,* and shall be limited, in number of persons so employed, to that need, as determined by the governing board." (Added by Stats. 1971, ch. 57, § 2; italics added.)

presume that there was substantial evidence in the oral proceedings to support the findings or the decision of the court below (*Associated Creditors' Agency* v. *Dunning Floor Covering, Inc.* (1968) 265 Cal.App.2d 558, 559 [71 Cal.Rptr. 494]; *Crummer* v. *Zalk* (1967) 248 Cal.App.2d 794, 797 [57 Cal.Rptr. 185]; *White* v. *Jones* (1955) 136 Cal.App.2d 567, 569 [288 P.2d 913]). When viewed in light of the foregoing premises, the record before us fails to show any error on its face. Therefore, we may not go beyond the record submitted but, instead, are bound to presume that the oral proceedings, including respondent's contention that appellant was merely assigned to teach Monica's classes and was not hired for the purpose of replacing her, are supported by substantial evidence.

We are confirmed in our view by the general rules enunciated in cases which unmistakably hold that the assignment of teachers to classes for which a teacher is certificated is entirely within the discretion of the governing board of the school district and by his assignment a teacher does not acquire tenure in a particular class or room. (*Matthews* v. *Board of Education, supra* at p. 754; *Mitchell* v. *Board of Trustees* (1935) 5 Cal. App.2d 64, 69 [42 P.2d 397]; *Anderson* v. *Board of Education* (1932) 126 Cal.App. 514, 520 [15 P.2d 774, 16 P.2d 272]).

In view of our holding that appellant must be considered a substitute teacher, her additional claims, all based on the assumption that she was entitled to the classification of a probationary employee, automatically fail and therefore require no further discussion.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 13, 1973.