[Civ. No. 41968. First Dist., Div. Two. Feb. 9, 1978.]

In re the Marriage of VONDELL and ZYGMUNT W. STACHON.
VONDELL STACHON, Respondent, v.
ZYGMUNT W. STACHON, Appellant.

**COUNSEL**

Edward M. Stadum for Appellant.

Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka and Paul E. Jacobs for Respondent.

## OPINION

**TAYLOR, P. J.**—On December 15, 1976, in another proceeding, the trial court entered an order increasing appellant former husband's child support payments. He filed notice of appeal in that action, 1 Civil No. 41544, on January 31, 1977. On March 1, 1977, respondent former wife filed a notice of motion for attorneys' fees and costs to defend the appeal. On March 30, 1977, the trial court ordered appellant to pay respondent $650 attorneys' fees and $150 costs to defend the appeal. From the order awarding attorneys' fees and costs, former husband prosecutes this appeal.

█  Appellant first contends that under Code of Civil Procedure section 916, subdivision (a),[1] an appeal stays proceedings in the trial court with respect to the judgment or order appealed from and matters embraced therein; and therefore, the court was without jurisdiction to award attorneys' fees or costs. Appellant concedes that in *McLellan* v. *McLellan* (1972) 23 Cal.App.3d 343, 352 [100 Cal.Rptr. 258], the motion for attorneys' fees on appeal was made substantially later than the filing of the notice of appeal but contends that the opinion does not discuss section 916, subdivision (a).

Civil Code section 4370, subdivision (a), provides: "(a) During the pendency of any proceeding under this part, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs

---

[1]Code of Civil Procedure section 916, subdivision (a), provides: "(a) Except as provided in Sections 917.1 through 917.9 and in Section 117ha, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

incurred prior, as well as subsequent, to the commencement of the proceeding."

This section provides for an award of attorneys' fees and costs as may be reasonably necessary to defend "any proceeding relating thereto." The appeal from the order increasing child support is such a proceeding. As respondent correctly points out, if the filing of the notice of appeal deprived the trial court of its power to make an award of attorneys' fees and costs, "then there would be created by law the absurd situation in which it would be impossible for the party defending against an appeal to obtain fees or costs until after the appeal was completed. . . . This flies in the face . . . of logic." It is obvious that appellant found no reported appellate decisions to support his contention because an award of attorneys' fees is clearly authorized under section 4370, subdivision (a), to defend the appeal.

■ Appellant next contends that respondent failed to establish her need for an award of attorneys' fees and costs on appeal. Appellant states that the motion for attorneys' fees and costs was heard by the trial court on March 29, 1977. He has, however, failed to furnish us with a reporter's transcript of said hearing. ■ It is clear that a former wife is not required to impair her capital in order to finance marital dissolution litigation. (*In re Marriage of Borson* (1974) 37 Cal.App.3d 632, 639 [112 Cal.Rptr. 432].) ■ With respect to a judgment roll appeal, *Rutley* v. *Belmont Elementary Sch. Dist.* (1973) 31 Cal.App.3d 702, 707-708 [107 Cal.Rptr. 671], hearing denied, states: "It is well established that on such an appeal the judgment can only be attacked for errors which affirmatively appear upon the face of the clerk's transcript, and the question of sufficiency of evidence in support of the findings is not open. In such a case, the reviewing court must presume that there was substantial evidence in the oral proceedings to support the findings or the decision of the court below (*Associated Creditors' Agency* v. *Dunning Floor Covering, Inc.* (1968) 265 Cal.App.2d 558, 559 [71 Cal.Rptr. 494]; *Crummer* v. *Zalk* (1967) 248 Cal.App.2d 794, 797 [57 Cal.Rptr. 185]; *White* v. *Jones* (1955) 136 Cal.App.2d 567, 569 [288 P.2d 913]). When viewed in light of the foregoing premises, the record before us fails to show any error on its face. Therefore, we may not go beyond the record submitted but, instead, are bound to presume that the oral proceedings . . . are supported by substantial evidence."

Finally appellant contends that while respondent sought $1,000 for attorneys' fees and the court awarded her $650, "the order is still

unreasonably high" inasmuch as he had contracted to pay his attorney only $500. We have previously alluded to the fact that this is a judgment roll appeal. ■ "The award of such attorney fees and costs and the amount thereof are matters addressed to the sound judicial discretion of the trial court and, absent a clear showing of abuse, the trial court's determination will not be disturbed. [Citations.]" (*In re Marriage of Harris* (1976) 65 Cal.App.3d 143, 148 [134 Cal.Rptr. 891].) ■ Appellant has not demonstrated such abuse. (*Id.,* at pp. 148-149.)

Order affirmed.

Kane, J., and Rouse, J., concurred.