[Civ. No. 24677. Fourth Dist., Div. One. Feb. 2, 1983.]

In re the Marriage of JOAN E. and KENNETH E. BUIKEMA.
JOAN E. BUIKEMA, Respondent, v.
KENNETH E. BUIKEMA, Appellant.

COUNSEL

Steven S. Kane for Appellant.

Paul Newberry for Respondent.

OPINION

**BROWN (Gerald), P. J.**—Kenneth E. Buikema appeals a judgment dissolving his marriage to Joan E. Buikema, alleging the award of a community interest in his military retirement pension to his ex-wife is improper.

Kenneth and Joan Buikema were married in 1953 and separated in 1977, during which time Kenneth served as an officer in the United States Air Force. As a part of the final judgment entered March 31, 1981, dissolving the marriage, the superior court awarded Joan a one-half community interest in the portion of

Kenneth's military retirement pension which accrued during the years of marriage.

Three months after the final judgment of dissolution was entered, the United States Supreme Court decided *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], holding a federal statute prohibits division of military retirement pensions and preempts state community property law. ■ Kenneth argues on appeal we are compelled to reverse the award of a community interest in his pension to Joan under a retroactive application of *McCarty*. However, retroactivity is now a moot issue because *McCarty* is no longer the law. On February 1, 1983, the Uniformed Services Former Spouses' Protection Act (Pub.L. No. 97-252), an amendment to title 10 of the United States Code, became effective. The act overrules *McCarty*, stating "a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." (10 U.S.C. § 1408(c)(1).) California law treating military retirement pensions as community property is no longer preempted. The act's legislative history clearly indicates Congress' intent to abrogate all applications of the *McCarty* decision (see J. Explanatory Statement of the Com. of Conf. on Pub. L. No. 97-252 from House Conf. Rep. No. 97-749, Aug. 16, 1982, pp. 166-168, 128 Cong. Rec. (1982)). The law as it now stands supports the superior court's division of Kenneth's military retirement pension.

It is appropriate, however, for us to remand this case to allow the superior court to rule on Mrs. Buikema's request for an award of attorney fees. ■ Under Civil Code section 4370, the award of attorney fees incurred to defend on appeal from a dissolution proceeding is within the sound discretion of the superior court (*In re Marriage of Stachon* (1978) 77 Cal.App.3d 506, 510 [143 Cal.Rptr. 599]). The burden is on Mrs. Buikema as the requesting party to prove necessity for the award and reasonableness of the amount (see *In re Marriage of Gonzales* (1975) 51 Cal.App.3d 340 [124 Cal.Rptr. 278]).

Judgment affirmed and case remanded for a determination on the issue of attorney fees on appeal.

Cologne, J., and Staniforth, J., concurred.