[Civ. No. 6108. Fifth Dist. Apr. 13, 1983.]

In re the Marriage of BERTHA and DANIEL FREDERICK.
DANIEL FREDERICK, Respondent, v.
BERTHA FREDERICK, Appellant.

COUNSEL

Young, Wooldridge, Paulden, Self, Farr & Hugie and G. Neil Farr for Appellant.

Vizzard, Baker, Sullivan & McFarland, Allan H. McFarland and Peggy S. Fuller for Respondent.

## OPINION

**ZENOVICH, Acting P. J.**—In this appeal, we are asked to decide whether the trial court abused its discretion in setting aside that portion of the interlocutory decree stipulated to by the parties dividing the husband's military pension, on the ground of mistake of law, before subsequently announced federal decisional law ruled that military pensions are not subject to division as community property. We conclude the trial court abused its discretion and reverse.

On October 1, 1980, at a contested dissolution hearing, Daniel Frederick (husband) and Bertha Frederick (wife) entered into a stipulation providing, inter alia, that the community had a vested 91 percent interest in husband's military retirement pension, and that wife was entitled to a 46 percent portion of said pension. An interlocutory judgment based upon the stipulation of the parties was entered on October 20, 1980.

On November 12, 1980, husband filed a notice of motion to set aside interlocutory judgment and hold in abeyance for ruling on military pension. A hearing was held on the motion and on November 26, 1980, the court granted the motion as to the issue of the retirement pension only.

At the above-mentioned hearing, counsel for husband argued to the court that at the time he had advised his client to enter into a stipulation dividing, as community property, husband's military retirement pension, he believed that the law in this area was settled. Shortly thereafter, husband's counsel read in the newspaper that the United States Supreme Court had granted certiorari to review an unpublished California Court of Appeal decision (*McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728]), where the community interest in military retirement pensions was at issue. In order to save time and expense of appealing the interlocutory judgment, husband's counsel decided to keep the issue before the trial court—while the United States Supreme Court decided the issue—by seeking to set aside the interlocutory judgment as to the military retirement pension and "let the thing hang fire" until the high court rendered its decision.

Wife's counsel argued to the trial court that until some contrary decision of a higher court than the California Supreme Court, the law on community property treatment of military retirement pensions was settled, and that there was no mistake of law upon which to base the granting of relief under Code of Civil Procedure section 473.

## DISCUSSION

 Respondent contends that the trial court was well within its discretionary power and jurisdiction to set aside the judgment herein to await the decision of the United States Supreme Court, and subsequent events and decisions now demonstrate the reasonableness of the lower court's decision. Not so.

On June 26, 1981, the United States Supreme Court decided *McCarty* v. *McCarty, supra,* 453 U.S. 210, holding, inter alia, that military retirement pensions were not subject to division as community property upon dissolution of a marriage. However, Congress subsequently enacted the Uniformed Services Former Spouses' Protection Act,[1] among whose provisions is 10 United States Code section 1408(c)(1): "Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."[2]

The selection of the period after June 25, 1981, as that addressed by the above statute can only be taken as an oblique reference to the *McCarty* decision and appears intended to repair the seamless web of pre-*McCarty* law as though never torn asunder.

 In construing a statute, the fundamental rule is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658 [145 Cal.Rptr. 359, 580 P.2d 1155].) In determining such intent, the court first turns to the words of the statute. The court is required to give effect to statutes according to the usual, ordinary import of the language employed in framing them. (*Id.,* at pp. 658-659.) The various parts of the statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. (*Id.,* at p. 659.) Although effective February 1, 1983,[3] and containing certain provisions which were not operative until that date,[4] the use of the date *McCarty* was decided as a reference in 10 United States Code section 1408(c)(1), in our opinion, evidences a legislative intent that the law relative to community property treatment of military retirement pensions be as though *McCarty* did not exist, i.e., that such pensions would be subject to division as community property both before and after June 25, 1981. (See *In re Marriage of Buikema* (1983) 139 Cal.App.3d 689 [188 Cal.Rptr. 856].)

[1]Public Law No. 97-252, section 1001 et seq., 96 Statutes at Large 730 (Sept. 8, 1982).

[2]Public Law No. 97-252, *supra,* section 1002(a).

[3]Public Law No. 97-252, *supra,* section 1006(a).

[4]Public Law No. 97-252, *supra,* sections 1006(b)-1006(d).

Thus, the enactment of the Uniformed Services Former Spouses' Protection Act has rendered moot the dispute in the present case, since there is no longer any *McCarty* rule to be retroactively applied, and the effect of the trial court's delayed decision as to the characterization and division of husband's military retirement pension will be only that—delayed.

Moreover, even if we were to conclude that the Uniformed Services Former Spouses' Protection Act should be given prospective application only or should affect military pensions payable after June 25, 1981, the event which triggered the trial court's granting of relief—the granting of certiorari in *McCarty*—was not itself a change in the law. At the time that the motion to set aside the interlocutory judgment was before the trial court below, there was no change of law sufficient to permit husband to evade the effects of his own stipulation. (*In re Marriage of Mahone* (1981) 123 Cal.App.3d 17, 22 [176 Cal.Rptr. 274].) For these reasons, it was an abuse of discretion for the trial court to grant the relief sought under Code of Civil Procedure section 473 in the motion to set aside.

The judgment is reversed and the provisions of the interlocutory judgment dividing the military retirement pension are reinstated.

Hanson (P. D.), J., and Woolpert, J., concurred.