[No. AO19563. First Dist., Div. Three. May 10, 1983.]

In re the Marriage of RUTH ANN and HAROLD D. ANKENMAN.
HAROLD D. ANKENMAN, Respondent, v.
RUTH ANN ANKENMAN, Appellant.

COUNSEL

Matthew H. Powell for Appellant.

Joseph F. Sullivan for Respondent.

OPINION

**FEINBERG, J.**—Ruth Ann Ankenman appeals from the amended inter-locutory judgment of dissolution of marriage entered July 26, 1982, and from the order denying her motion pursuant to Code of Civil Procedure section 473 to vacate a portion thereof. She contends that the trial court erred in award-ing to respondent Harold D. Ankenman his military retirement as his separate property and that it abused its discretion in denying her motion to set aside the portion of the amended interlocutory judgment awarding the military retirement and to reserve jurisdiction over it. The dates during which most of these pro-ceedings occurred are significant because they fall within the period following the decision in *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589; 101 S.Ct. 2728], decided June 26, 1981, holding that federal law precludes a state court from dividing military retired pay pursuant to state community property laws, and prior to the February 1, 1983, effective date (Pub.L. No. 97-252, § 1006) of the Uniformed Services Former Spouses Protection Act, 10 United States Code section 1408, signed by President Reagan on September 8, 1982, which undermined the impact of *McCarty* in this state.

Respondent filed his petition for dissolution of marriage on March 28, 1981. The matter was set for trial on July 22, 1981. At that time, pursuant to stipulation by counsel, the court ordered the matter bifurcated, and all property and support matters were continued until September 2, 1981. On September 2, the parties' counsel orally stipulated to a division of all property except respondent's military retirement. Although *McCarty, supra,* had been decided over two months earlier, appellant's counsel did not urge the court to reserve jurisdiction over the retirement, and the court awarded respondent his military retirement as his separate property. Almost 10 months later, through new counsel, appellant moved pursuant to Code of Civil Procedure section 473 to vacate the oral stipulation. After reviewing the transcript of the prior proceedings and hearing testimony from appellant and her former counsel, the court denied the motion to vacate the oral stipulation. The amended interlocutory judgment of dissolution was entered July 26, 1982.

■ It is perfectly clear that at the time the amended interlocutory judgment was entered, *McCarty v. McCarty, supra,* 453 U.S. 210, precluded the award to appellant of any interest in respondent's military retirement. (See, e.g., *In re Marriage of Sheldon* (1981) 124 Cal.App.3d 371 [177 Cal.Rptr. 380]; *In re Marriage of Jacanin* (1981) 124 Cal.App.3d 67 [177 Cal.Rptr. 86].) It is also perfectly clear that the change in community property law occasioned by the *McCarty* decision occurred 15 months prior to appellant's section 473 motion to be relieved of her "surprise" at the change. The court's original award was correct, and its subsequent denial of appellant's motion was not an abuse of discretion. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911].)

On September 8, 1982, the Uniformed Services Former Spouses Protection Act became law.[1] On September 21, 1982, through new counsel, appellant again moved (Code Civ. Proc., § 473) to set aside or reserve jurisdiction over that portion of the amended interlocutory judgment dealing with military retirement benefits. After reading the material submitted by the parties and hearing argument by counsel, the court denied the motion. Notice of appeal from the denial of the September 21, 1982, motion and *from the amended interlocutory judgment of July 26, 1982, was filed timely.*

Title 10 of the United States Code section 1408(c)(1) provides: ". . . a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." Appellant contends (1) that "law and underlying policy in California is [*sic*] best served by application of community property

---

[1] Public Law No. 97-252, section 1001 et seq., 96 Statutes at Large 730.

principles to military retired pay"; (2) that the court abused its discretion in denying her motion to reserve jurisdiction; and (3) "this court should apply the law which is in effect at the time it renders its opinion, and should give the Former Spouses Protection Act retroactive application."

■ Although legislative enactments are generally presumed to operate prospectively and not retroactively (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371]; *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 149 [23 Cal.Rptr. 592, 373 P.2d 640]), the legislative history of the Uniformed Services Former Spouses Protection Act clearly indicates the intent of Congress "to abrogate all applications of the *McCarty* decision (see J. Explanatory Statement of the Com. on Conf. on Pub.L. No. 97-252 from House Conf. Rep. No. 97-749, Aug. 16, 1982, pp. 166-168, Cong. Rec., vol. 128 (1982))." (*In re Marriage of Buikema* (1983) 139 Cal.App.3d 689, 691 [188 Cal.Rptr. 856] [no petition for hearing filed in the Supreme Court].) "[T]he use of the date *McCarty* was decided as a reference in 10 United States Code section 1408(c)(1) . . . evidences a legislative intent that the law relative to community property treatment of military retirement pensions be as though *McCarty* did not exist, i.e., that such pensions would be subject to division as community property before and after June 25, 1981." (*In re Marriage of Frederick* (1983) 141 Cal.App.3d 876, 879 [190 Cal.Rptr. 588].) California law treating military retirement pensions as community property is no longer preempted. (*In re Marriage of Buikema, supra,* 139 Cal.App.3d at p. 691.)

■, ■■■ ■ While not raised by the parties, at oral argument this court questioned whether ordering respondent to pay appellant part of the retirement benefits he received prior to the February 1, 1983, effective date of the act impaired respondent's vested rights without due process of law.[2] Neither party accepted the invitation to address the issue. A similar due process question was addressed by the court in *In re Marriage of Bouquet, supra,* 16 Cal.3d 583, with respect to the 1971 amendment to Civil Code section 5118.[3] ■ The court stated: "In determining whether a retroactive law con-

---

[2]While not raised by the parties, "[w]e are at liberty to consider, and even to decide, a case upon any points that its proper disposition may seem to require, whether taken by counsel or not (*Stevenson* v. *Turner* (1979) 94 Cal.App.3d 315, 318-319 [156 Cal.Rptr. 499])." (*Noguera* v. *North Monterey County Unified Sch. Dist.* (1980) 106 Cal.App.3d 64, 72, fn. 5 [164 Cal.Rptr. 808].)

[3]"Section 5118, as amended, provides: 'The earnings and accumulations of a spouse and the minor children living with, or in the custody of the spouse, while living separate and apart from the other spouse, are the separate property of the spouse.'

"Prior to the 1971 amendment, section 5118 read: 'The earnings and accumulations of the wife and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife.' Civil Code sections 5110 and 5119, subdivision (b) provided, in effect, that the earnings and accumulations of the husband were his separate property only after the rendition of the interlocutory judgment of dissolution of marriage." (16 Cal.3d at p. 586, fns. 1 & 2.)

travenes the due process clause, we consider such factors as the significance of the state interest served by the law, the importance of the retroactive application of the law to the effectuation of that interest, the extent of reliance upon the former law, the legitimacy of that reliance, the extent of actions taken on the basis of that reliance, and the extent to which the retroactive application of the new law would disrupt those actions." (16 Cal.3d at p. 592.) It pointed out that retroactive application had occurred previously when California's 1961 quasi-community property legislation "effectively reclassified as community property any common law separate property that would have been community property if it had been acquired by a California domiciliary," and concluded "[t]he state's paramount interest in the equitable distribution of marital property upon dissolution of the marriage . . . justified the impairment of the husband's vested property rights." (16 Cal.3d at p. 593.) ▮ We thus conclude that due process does not present an impediment to retroactive application. (See Armstrong, *"Prospective" Application of Changes in Community Property Control—Rule of Property or Constitutional Necessity?* (1945) 33 Cal.L.Rev. 476.) We emphasize that the judgment in this case was *not* final when the federal legislation was enacted.

Since we conclude that the judgment must be reversed, it is unnecessary to discuss the second motion to vacate. On remand, it is incumbent upon respondent to present evidence to the trial court of any inequities that may follow in restoring to appellant the full amount of her community share in his retirement benefits received to date. The trial court has broad discretion under equitable principles to tailor the form of the award so as to avoid placing an undue burden on respondent. (*In re Marriage of Shattuck* (1982) 134 Cal.App.3d 683, 687 [184 Cal.Rptr. 698]; *Hill* v. *Hattrem* (1981) 117 Cal.App.3d 569, 574-575 [172 Cal.Rptr. 806].)

That portion of the interlocutory judgment of dissolution of marriage which awards to respondent as his separate property his military retired pay is reversed. The cause is remanded to the superior court for further proceedings.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied June 6, 1983.