[No. AO16143. First Dist., Div. One. Nov. 3, 1983.]

In re the Marriage of JEAN and DONALD LOCKSTROM.
DONALD LOCKSTROM, Respondent, v.
JEAN LOCKSTROM, Appellant.

## Counsel

Richard C. Lynch for Appellant.

David Negri for Respondent.

## Opinion

**ELKINGTON, J.**—The 27-year marriage of plaintiff Donald Lockstrom (for convenience and clarity, Donald), a retired Air Force officer, to defendant Jean Lockstrom (for similar reasons, Jean) was dissolved, December 1, 1981, by an interlocutory judgment. They had been married throughout his active military career. Relying upon the authority of *McCarty v. McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], *passim,* the superior court had adjudged Donald's military pension to be his *separate property.* Jean has appealed from the interlocutory judgment.

Pending the appeal, Congress enacted (effective Feb. 1, 1983) the Uniformed Services Former Spouses' Protection Act, title 10 of the United States Code section 1408, hereafter the Act. "The [Act] overrules *McCarty,* stating 'a court may treat disposable retired or retainer pay payable to a [retired military] member for pay periods beginning after June 25, 1981,

either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.' . . . California law treating military retirement pensions as community property is no longer preempted. The act's legislative history clearly indicates Congress' intent to abrogate all applications of the *McCarty* decision. . . ." (*In re Marriage of Buikema* (1983) 139 Cal.App.3d 689, 691 [188 Cal.Rptr. 856].)

Donald argues that the Act does not, as to him, operate retroactively. We disagree.

■   The judgment here under appeal is not final. In the clearest of language, the Act (subd. (c)(1)) provides that a state's courts "may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." The manifest intent is that the Act shall apply to all retirement or retainer pay for periods beginning after June 25, 1981. Such a legislative intent that a law operate retroactively must be respected by the courts. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 686 [91 Cal.Rptr. 585, 478 P.2d 17]; *San Diego White Truck Co.* v. *Swift* (1979) 96 Cal.App.3d 88, 92 [157 Cal.Rptr. 745].)

We accordingly hold that the Act operates retroactively as to retirement or retention "pay periods beginning after June 25, 1981."

Nor is merit seen in Donald's contention that the Act does not apply to a retired military member's "retainer" pay, i.e., for being subject to recall to active duty "at any time." As will be noted, the Act, subdivision (c)(1), expressly covers "retired or *retainer* pay." (Our italics.)

The judgment is reversed as to the superior court's determination in respect of respondent Donald Lockstrom's military retired or retainer pay; in all other respects it is affirmed. The superior court will take further proceedings according to the Act and existent law. Appellant will recover her costs of appeal.

Racanelli, P. J., and Newsom, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 5, 1984.