# CIRCUIT COURT OF THE CITY OF, VIRGINIA BEACH

Weeks

     v.

Weeks

December 9, 1983

Case No. (Law) 10,804

By JUDGE AUSTIN E. OWEN

On September 22, 1983, Mr. Laine and Mr. Weinberg appeared before me and argued their respective positions in opposition to and in support of the demurrer filed by the Defendant. The Court requested counsel to file memoranda on the issues of the retroactive application, if any, of the Federal Legislation which became effective on February 1, 1983; and of the duty, if any, of the courts of this State to grant full faith and credit to the California decree in any event.

The Court has now carefully reviewed these memoranda and is of the opinion that the demurrer should be overruled on each of its three grounds.

The Defendant has apparently abandoned his first stated ground as it was not pressed in either oral or written argument. The second ground is the principal subject of the memoranda filed, and the third ground cannot be properly considered on a demurrer, but involves only the question of the extent of relief to be granted should the Plaintiff prevail.

With respect to the second ground, the Motion for Judgment is based upon three decrees of the Superior Court of California, County of Ventura, dated respectively January 23, 1975, January 28, 1975, and, allegedly, May 6, 1975. The last mentioned decree was, in actuality,

dated July 14, 1975. May 6, 1975, is the date of a Stipulation of counsel appended to that decree.

It is the decree of July 14, 1975, by its terms amending the two earlier decrees, which directs that portion of Defendant's U. S. military retirement and death benefits be paid to Plaintiff. It should be noted that such award is made, as stated in the decree, "pursuant to the stipulation of counsel on file herein." Actually, as above noted, that stipulation is appended to the decree.

After the entry of the decree of July 14, 1975, and on June 26, 1981, the Supreme Court of the United States in the case of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held, in essence that a federal statute prohibits court division of military retirement pensions and preempts state community property laws.

Subsequent to that decision, and on February 1, 1983, the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408(c)(1)) became effective, and by its terms authorized state courts to treat "disposable retired or retainer pay" as property of the member and his spouse in accordance with the law of the jurisdiction of such court. That act specifically refers to such pay "payable to a member for pay periods beginning after June 24, 1981."

With respect to the Uniformed Services Former Spouses' Protective Act (USFSPA), several cases decided thereafter gave to such act retroactive as well as prospective effect (or, in truth, declined to give *McCarty* a retroactive application and noted that USFSPA specifically covered all periods from the day of *McCarty* and thereafter). The Supreme Court of the United States declined to grant a writ of certiorari as to those decisions. In the *Navy Times* article attached to Defendant's December 1, 1983, reply memorandum, it is reported that counsel for Appellant in the *Armstrong* suit (referred to in that article) concedes that he "believes that the Supreme Court may have resolved the question of retroactivity earlier by letting stand several rulings from various lower courts on the same issue."

It thus appears that the only authorities to which this court has been cited are in agreement that *McCarty* should not be given retroactive effect so as to make void decrees entered prior thereto which awarded portions of U.S. military retirement benefits.

Additionally, the case of *Frederick v. Frederick*, 141 Cal. App. 3d 876, decided on April 13, 1983, dealt specifically with a situation, such as the present case, where the decree relating to a division of husband's military retirement pension was based upon a stipulation of the parties. In *Frederick* the trial court delayed the effect of its decree relating to division of the military retirement, pending a decision in *McCarty*, which was then under review. The appellate court ruled:

> Thus, the enactment of the Uniformed Services Former Spouses' Protective Act has rendered moot the dispute in the present case, since there is no longer any *McCarty* rule to be retroactively applied, and the effect of the trial court's delayed decision as to the characterization and division of husband's military retirement pension will be only that -- delayed. . . . At the time that the motion to set aside the interlocutory judgment was before the trial court below, there was no change of law sufficient to permit husband to evade the effects of his own stipulation. *Frederick*, 141 Cal. App. 3d 876 at 880 (1983).

Although not necessary to this decision, it could well be argued that *McCarty* was never applicable to a situation such as here, and in *Frederick*, where the court's order merely reflects the *voluntary* stipulation of the parties.

This Court is satisfied that the California Court's decree with respect to Defendant's military retirement benefits is within the jurisdiction of that Court and entitled to full faith and credit in the Courts of this State.

Mr. Laine is requested to draft a decree overruling the demurrer of Defendant, making reference to this letter opinion as to the basis of such ruling, and directing that he file his responsive pleading within 21 days from the entry of that order.