[No. B101412. Second Dist., Div. One. Dec. 2, 1997.]

In re the Marriage of WILLIAM O'CONNOR, JR., and KAREN O'CONNOR.
WILLIAM O'CONNOR, JR., Respondent, v.
KAREN O'CONNOR, Appellant.

**COUNSEL**

Kolodny & Anteau, Stephen A. Kolodny and Harlee M. Gasmer for Appellant.

Nancy L. Dunaetz, Spector, Buter & Buzard and Glenn S. Buzard for Respondent.

## Opinion

**MASTERSON, J.**—With over $3 million in attorney's fees and costs already incurred in this acrimonious dissolution matter, husband has $2 million in assets remaining and wife has at least $40 million. Husband was awarded $250,000 in pendente lite attorney's fees and costs early in the proceedings and was later awarded an additional $450,000 pendente lite. Wife asks this court to set the latter award aside, contending that since husband had the $450,000 available from his own assets, he failed to make a threshold showing of need for the award. We reject wife's definition of "need," finding that the 1990 amendment to former Civil Code section 4370.5, subdivision (b) (now Fam. Code, § 2032, subd. (b)), which permits an award of attorney's fees and costs to a party who "has the resources from which he or she could pay his or her own attorney's fees and costs," means exactly what it says. Accordingly, we affirm.

### Background

William O'Connor, Jr. (husband), and Karen O'Connor (wife) married in 1985 and separated in 1994. During the marriage, husband played a role in managing wife's assets. The matter has been vigorously litigated, with the principal issues being the characterization of assets as community or separate and wife's assertion that husband misappropriated approximately $1.3 million of her separate property during the marriage.

At the early stages of the litigation, husband was awarded $250,000 pendente lite attorney's fees and costs from wife. On November 30, 1995, wife filed an order to show cause requesting attorney's fees and costs pursuant to Family Code section 271 as a sanction for husband's conduct in the litigation.[1] In supporting declarations, wife set forth a parade of horribles which she asserted justified the sanction. On January 17, 1996, husband responded in kind, making similar accusations against wife in support of his sanctions request. Husband further requested an additional pendente lite award of $750,000 in attorney's fees and costs pursuant to section 2030.[2] Two weeks later he was granted an interim award of $100,000.

---

[1]Family Code section 271, subdivision (a), authorizes an award of attorney's fees and costs based "on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."

Undesignated section references *post* are to the Family Code.

[2]Section 2030 provides in pertinent part: "(a) During the pendency of a proceeding for dissolution of marriage . . . the court may, upon (1) determining an ability to pay and (2) consideration of the respective incomes and needs of the parties in order to ensure that each

The orders to show cause were heard on March 27, 1996. The evidence presented in conjunction with that hearing established that husband is in his early 50's and is not employed. When the litigation commenced, he had a retirement account of $1.4 million (to which he did not have access) and $2.6 million in other assets, much of which was in the stock market. By the time of the hearing, husband had incurred $1.2 million in legal fees and costs. Of this obligation, he had paid $1 million, comprised of $650,000 of his own funds and $350,000 from the original and the interim pendente lite awards. Husband's total assets had thus been reduced to $2 million, $500,000 of which was liquid. He estimated that he would incur an additional $400,000 in fees and costs through trial. Wife, who stipulated to liquid assets of at least $40 million, had incurred $2 million in attorney's fees and costs up to the time of the hearing.

Wife resisted husband's request on the ground that husband was capable of funding the litigation from his remaining $2 million in assets and therefore had not made a threshold showing of "need" as required by section 2030. Husband responded that, to the extent such a showing had previously been required by case law, this law had been abrogated by the 1990 amendment to former Civil Code section 4370.5, which later became Family Code section 2032.[3]

Ultimately the trial court deferred ruling on the cross-requests for sanctions under section 271. With respect to husband's request under section 2030, it ruled in pertinent part as follows: "So in order to ensure that [husband] has access to legal representation to preserve all of his rights pursuant to Family Code 2030(a), and in determining the ability of [wife] to pay, and considering the respective income and needs of both parties and especially the needs of [husband], to ensure the access to which the court has

party has access to legal representation to preserve all of the party's rights, order any party, except a governmental entity, to pay the amount reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding."

[3]Section 2032 provides in pertinent part:

"(a) The court may make an award of attorney's fees and costs under Section 2030 . . . where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties.

"(b) In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties [that are to be considered in ordering spousal support]. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances."

referred and considering the finding of the court that the relative assets of the parties are not similar or they are disproportionate, the court finds that it is just and reasonable under their relative circumstances to award [husband] fees pendente lite [in the amount of $350,000 in addition to the interim award of $100,000]. . . . [¶] Now, I have noted, however, that [husband] does have an estate which would commonly be thought of as a large and wealthy estate, and I should . . . state that this is not the end of the discussion. As everyone knows, we are speaking pendente lite, and any award which the court makes today will be without prejudice to reallocation, recharacterization, perhaps, reimbursement, depending upon the outcome of the trial."

## DISCUSSION

The gist of wife's contention is that, "since [husband] has the ability to pay his own fees, . . . it is improper for her to effectively be financing [husband] . . . . [¶] [T]he trial court incorrectly applied the applicable law and ignored the requirement that there be a finding of 'need' prior to making any attorney fee award. . . . [Husband] does not have a 'need' for a pendente lite fee award against [wife.]" (Italics omitted.) We reject the contention.

" 'California's public policy in favor of expeditious and final resolution of marital dissolution actions is best accomplished by providing at the outset of litigation, consistent with the financial circumstances of the parties, a parity between spouses in their ability to obtain effective legal representation.' " (*Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26, 41, fn. 12 [283 Cal.Rptr. 584, 812 P.2d 931], quoting *In re Marriage of Hatch* (1985) 169 Cal.App.3d 1213, 1215-1216 [215 Cal.Rptr. 789].) "[A] motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. [Citations.] In the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citations.] '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. . . .' " (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769 [209 Cal.Rptr. 354, 691 P.2d 1020].)

Analysis of wife's contention requires review of actions taken by the Legislature in 1985 and 1990. Before then, parity in the ability to obtain effective legal representation was achieved by protecting the party with the greater need, typically the wife, from having to impair the capital of her separate estate to defray litigation costs. (See, e.g., *In re Marriage of Stephenson* (1984) 162 Cal.App.3d 1057, 1090 [209 Cal.Rptr. 383].) In 1985

the California Law Revision Commission recommended a different approach, noting that the then existing rule was a "relic of the era" when the husband had sole management and control of the community estate. (Recommendation Relating to Litigation Expenses in Family Law Proceedings (Mar. 1985) 18 Cal. Law Revision Com. Rep. (1986) p. 356.) The commission's recommendations resulted in the enactment of former Civil Code section 4370.5 (Stats. 1985, ch. 362, § 1, p. 1517),[4] the intent of which "was to overrule cases holding the court could not require the wife to use the capital of her separate estate in order to defray her litigation expenses." (*In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 245 [269 Cal.Rptr. 388], citing 18 Cal. Law Revision Com. Rep., *supra*, p. 357.) The consequences of this new statute were severe.

In *In re Marriage of Joseph* (1990) 217 Cal.App.3d 1277, 1287 [266 Cal.Rptr. 548], the relatively less affluent wife complained that unless husband were ordered to pay her attorney's fees, her liquid assets would be reduced to almost nothing. The *Joseph* court noted that "[n]umerous cases have reiterated the principle that need is a prerequisite to any fee award." (*Ibid.*) The court concluded that, although it seemed unfair to require wife to exhaust her liquid assets in the face of husband's vast wealth, the fact that she was able to pay her attorney's fees from her own resources supported the trial court's finding that she had not shown the requisite "need" to qualify for an award. (*Id.* at p. 1288; accord, *In re Marriage of Aninger, supra*, 220 Cal.App.3d at pp. 244-245 [trial court abused its discretion in ordering husband to pay wife's attorney's fees and costs when her own liquid assets were adequate].)

The Legislature responded to cases such as *Joseph* and *Aninger* with a bill intended, inter alia, to "clarif[y] the definition of 'need' for purposes of making an award of attorney fees and costs." (Assem. Com. on Judiciary, Dig. of Assem. Bill No. 2686 (1989-1990 Reg. Sess.) Mar. 21, 1990, p. 2.) As a result, former Civil Code section 4370.5 was amended to add the word "relative" to subdivision (a) (i.e., "just and reasonable under the relative circumstances of the respective parties") and to revise subdivision (b) as follows: "In determining what is just and reasonable under the *relative*

---

[4]As enacted in 1985, former Civil Code section 4370.5 provided in pertinent part:

"(a) The court may make an award under this chapter where the making of the award, and the amount of the award, is just and reasonable under the circumstances of the respective parties.

"(b) In determining what is just and reasonable under the circumstances, the court shall take into consideration both of the following:

"(1) The need for the award to enable each party, to the extent practical, to have sufficient financial resources to adequately present his or her case, taking into consideration to the extent relevant the circumstances of the respective parties . . . ."

circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to adequately present his or her case, taking into consideration to the extent relevant the circumstances of the respective parties [that are to be considered in ordering spousal support]. *The fact that the party requesting an award of attorneys' fees and costs has the resources from which he or she could pay his or her own attorneys' fees and costs is not itself a bar to an order that the other party pay part, or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances.*" (Stats. 1990, ch. 893, § 1, p. 3781; new language in italics.)[5] This statute was continued without substantive change in Family Code section 2032. (See Cal. Law Revision Com. com., reprinted in 29C West's Ann. Fam. Code (1994 ed.) foll. § 2032, p. 499.)

In her argument, wife places great reliance on *In re Marriage of Joseph, supra,* 217 Cal.App.3d 1277, and *In re Marriage of Aninger, supra,* 220 Cal.App.3d 230. She posits that the $450,000 pendente lite award to husband was improper because the 1990 amendment to former Civil Code section 4370.5 did not eliminate the requirement of "need" and that husband did not demonstrate "need" since the award represented only 25 percent of his assets. We see this assertion as nothing more than a refusal to acknowledge the unequivocal meaning of the language of the 1990 amendment, which permits an award to a spouse even if that spouse has sufficient resources to pay attorney's fees and costs from his or her own pocket. Moreover, we find nothing in this language or in the history of the amendment which would suggest that the Legislature intended to endorse any fixed measure or percentage as a way to demonstrate need or the lack thereof. To the contrary, the 1990 amendment could not be more clear in eschewing any notion that a numerical standard should be applied. Wife correctly observes that the statutory scheme continues to refer to "respective incomes and needs" (§ 2030, subd. (a)(2)), "reasonably necessary . . . attorney's fees" (*ibid.*), and the "need for the award" (§ 2032, subd. (b)). But in light of the 1990 amendment, her reliance on these words is to no avail.

The trial court was eminently well qualified to rule on husband's request for additional attorney's fees and costs, having previously ruled on several motions brought by wife for summary adjudication of issues, and having at three separate hearings considered the parties' extensive factual arguments

[5]The 1990 amendment also deleted a provision of former Civil Code section 4370.5 which permitted the conduct of the parties and the attorneys to be considered, and added section 4370.6 (now Family Code section 271), which characterizes an award based on such conduct as a sanction. (See fn. 1, *ante.*)

on their cross-motions for attorney's fees as sanctions. The court was also familiar with the statutory history of the "need" requirement which is discussed in this opinion. With this background, the court's decisionmaking process followed section 2032 to the letter. The court considered the complexity of the issues involved in the litigation, the wealth and available resources of the parties, and the litigation costs already incurred and expected to be incurred through trial. In addition, the court acknowledged that, as a pendente lite award, it was subject to revision in the future.

We may overturn the trial court's award only if " 'no judge could reasonably' " have made it. (*In re Marriage of Sullivan, supra*, 37 Cal.3d at pp. 768-769.) Given the relative circumstances of the parties in this case, it undoubtedly would have been reasonable to deny husband's request for attorney's fees and costs. But the trial court determined that, in the face of wife's ability to pursue the litigation, husband's ability to secure sufficient representation to protect his rights would be impaired if he were required to pay all of his attorney's fees and costs from his own resources. We have no basis upon which to say that the trial court's determination was unreasonable. (See *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1166-1168 [62 Cal.Rptr.2d 466].)

### DISPOSITION

The order under review is affirmed.

Vogel (Miriam A.), Acting P. J., and Dunn, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied February 18, 1998.

---

*Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.