Filed: 8/4/14  In re Marriage of Chan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Marriage of IRENE and HOWARD MOON CHAN. | B242788 |
| IRENE CHAN, Respondent, v. HOWARD MOON CHAN, Appellant. | (Los Angeles County Super. Ct. No. BD487901) |

APPEAL from an order of the Superior Court of Los Angeles County.  Teresa Beaudet, Judge.  Affirmed.

Lipton & Margolin, Hugh A. Lipton and Brian G. Magruder; Law Officers of Julio R. Bardavid and Julio R. Bardavid for Appellant Howard M. Chan.

Law Offices of James R. Eliaser and James R. Eliaser for Respondent Irene Chan.

_____

This is an appeal from an order in a marital dissolution action. The order directs appellant Howard Moon Chan (Husband) to pay prescribed attorney's fees to respondent Irene Chan (Wife) for her past and future attorney's fees and costs. We affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Husband and Wife married in June 2000. They have two minor children from the marriage. In June 2008, Wife filed a petition to dissolve the marriage, but she and Husband continued to live in the family residence. In October 2009, Wife filed an order to show cause for orders directing Husband to vacate the family residence, and for monitored visits with the parties' children. In December 2009, the family law court ordered Husband to vacate the residence, with a visitation schedule, and ordered the parties to undergo an Evidence Code section 730 custody evaluation. There was more litigation through 2010 and 2011.

In November 2011, Wife filed an order to show cause in which she requested a order for attorney's fees and costs from Husband pursuant to Family Code section 2030 et seq.[1] Wife contended that an award of attorney's fees and costs was necessary in order to retain her present counsel, and that the disparity in access to funds between her and Husband would otherwise force her to proceed against Husband and his counsel without representation of her own. Wife asserted that Husband had "access to funds to contribute significantly to [Wife]'s attorney's fees and costs."

Wife's order to show cause was supported by a declaration from her counsel, who stated that Wife's outstanding bill totaled $145,511.42 as of October 31, 2011, and that an additional $50,000 in fees and costs would be incurred to prepare Wife's case for trial, and he would be unable to continue representing Wife without a substantial payment for attorney's fees. Wife (by her counsel) requested a payment of $200,000 for attorney's fees, and an additional $50,000 for her forensic accountants. Husband filed an opposition to the order to show case in which he maintained, among other issues that Wife's attorney fees were largely the result of Wife's refusal to accept any reasonable offers of

---

[1]     All further statutory references are to the Family Code unless otherwise indicated.

2

compromise, and her continuous litigation of issues which could have been resolved without extensive litigation.

The family law court addressed Wife's order to show cause at hearing on in March, April and May 2012. On May 24, 2012, the family law court entered an order and findings which directs Husband to pay attorney's fees and costs to Wife as follows:

- $63,000 for past attorney's fees and costs, payable to Wife's attorneys due in full on or before 6/7/12. The $63,000 award was not subject to reallocation at the time of trial.

- "Additional, for every dollar paid by [Husband] to his counsel hereafter, he must concurrently pay one dollar toward (a) the additionally incurred attorney fees of Wife in the amount of $129,000 and (b) trial preparation fees of [Wife] up to the amount of $70,000. These additional amounts are subject to reallocation at the time of trial."

Husband filed a timely notice of appeal.

## DISCUSSION

### I. The Governing Law

During the pendency of a dissolution action, a court may order one party to pay some or all of the other party's legal fees and costs. (§ 2030.) The purpose of section 2030 is not to redistribute money from the greater income party to the lesser income party, but to promote parity in the form of a fair hearing with the two sides in the case equally represented. "The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength." (*Alan S. Jr. v. Superior Court* (2009) 172 Cal.App.4th 238, 252; see also *In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.) "California's public policy in favor of expeditious and final resolution of marital dissolution actions is best accomplished by providing at the outset of litigation, consistent with the financial circumstances of the parties, a parity between spouses in their ability to obtain effective legal representation." (*Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26, 41, fn. 12; *In re Marriage of Hatch* (1985) 169 Cal.App.3d 1213, 1215-1216.)

3

Section 2030 subdivision (a), provides that, during the pendency of a proceeding for dissolution of marriage, the family law court may," upon (1) *determining an ability to pay* and (2) consideration of the *respective* incomes and needs of the parties in order to *ensure that each party has access* to legal representation to preserve all of the party's rights, order any party . . . to pay the amount reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding." (Italics added)  Further, section 2030 provides:  "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  *If the findings demonstrate disparity in access and ability to pay*, the court shall make an order awarding attorney's fees and costs." (Italics added)

Section 2032 provides: "(a)  The court may make an award of attorney's fees and costs under Section 2030 where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties.  (b)  In determining what is just and reasonable under the relative circumstances, the court shall take into consideration *the need for the award to enable each party*, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties as described in Section 4320." (Italics added)

Section 4320 lists factors that may be considered in making a spousal support award.  A number of section 4320's factors may bear on a pendente lite fee order, including assets, obligations and earning capacity of both parties, ability to pay, duration of the marriage, age and health of the parties, and the overall balance of hardships.  In short, "[i]n assessing one party's relative 'need' and the other party's ability to pay, the court may consider all evidence concerning the parties' current incomes, assets, and abilities, including investment and income-producing properties." (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1167.)

4

A motion for attorney's fees and costs in a dissolution proceeding is left to the sound discretion of the family law court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769.) The family law court's order will be overturned only when, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. (*In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 296.) At the same time, while the family law court has wide discretion in granting or denying a pendente lite fee award, "its decision must reflect an exercise of discretion and a consideration of the appropriate factors." (*Marriage of Hatch*, *supra*, 169 Cal.App.3d at 1219.) Stated in other words, the family law court's discretion is "limited by the statutes which enable the exercise of that discretion." (*In re Marriage of Keech*, *supra*, 75 Cal.App.4th at 866.)

## II. Past Attorney's Fees and Costs

Husband contends the family law court abused its discretion in the making of the award for $63,000 for Wife's past attorney's fees because the court's consideration of the "relative circumstances" of the parties was too narrow to allow the court to make a "just and reasonable" award. Further, Husband contends the court abused its discretion in basing the *amount* of the award on how much more he had paid toward his attorney's fees and costs than Wife had paid toward her attorney fees and costs. Finally, Husband argues that the trial court erred in not inquiring whether making the entire amount of $63,000 due and payable would place an unreasonable burden on him. We find no abuse of discretion.

Husband contends the family law court did not engage in a broad analysis of the parties' assets and obligations and their respective expenses pursuant to sections 2030 and 2032. Specifically, Husband argues that the court made only one finding that he had Disney stock worth approximately $150,000. While the court found that he owned an Ameritrade account, Husband argues that the court never mentioned the value of the asset on the record. Moreover, while conceding that the court inquired during the hearings

5

about the expense portion of Wife's income and expense declaration, Husband claims the court's inquiry did not extend to the actual expenses Wife declared.

Husband's claim that the family law court "did not consider" the relevant factors is not supported by the record. The record shows that the court considered both his and Wife's respective income, assets, and abilities to determine the relative circumstances of the parties. Both parties filed income and expense declarations, and additional financial detail with the help of their respective forensic accountants. The court stated that it had gone "through all the analysis and all the various factors" and "read all the papers." The court stated that Husband had the ability to pay the $63,000 award based on the value of his Disney stock alone.

Further, the family law court found that the parties "basically lived off the largesse of [Husband's] parents" during the marriage, and that Husband "continued to do that." The court observed that Husband's parents "own a bank" and "transfer funds as needed" to pay for Husband's expenses. Even though Husband did not have "a lot of money" himself, he had "access" to his family's money.

Husband seems to argue the court erred as a matter of law in considering the factor of his access to family money. We disagree. Section 2030 was amended effective January 1, 2011, before the order at issue in the current case, to provide that disparity in access to legal representation — whether due to disparity in the parties' own income, disparity in their "access to funds" or disparity in ability to pay for any other reason — is the central focus in deciding whether a need-based award should be granted. It is not error for the family law court to consider that one party has ability to pay based on the fact that he receives gratuitous support from his or her family or other third parties. For example, in *Kevin Q v. Lauren W.* (2011) 195 Cal.App.4th 633, 645-646, the Court of Appeal held that regular, recurring monetary "gifts" could be considered for purposes of calculating the ability to pay.

In summary, the record supports the conclusion that the family law court made sufficient evidentiary findings, in accord with the statutory factors, to support its making

6

of the $63,000 fee award for Wife's past attorney's fees. The court did not abuse its discretion.

### III.    The Amount of the $63,000 Award

Husband contends the primary basis for the amount of the award was how much Husband had paid for his attorney's fees and costs, rather than evaluating Wife's needs. In addition, Husband argues the court erred in making its findings of "needs" and "ability to pay" based on considering past circumstances. We find no error.

In determining the amount of a need-based fees and costs award pursuant to sections 2030 and 2032, the family law court must apply the same statutory standards governing the threshold decision whether to make the award. That is, the court must consider what is "just and reasonable" under the "relative circumstances" of the parties, and must base its determination on the parties' respective incomes and needs, and "any factors affecting" their respective needs and abilities. As applied to the specific facts of each case, the primary focus is on what is "reasonably necessary" to adequately maintain or defend the proceeding. (See *In re Marriage of Marsden* (1982) 130 Cal.App.3d 426, 446-447; see also *Marriage of Keech*, *supra*, 75 Cal.App.4th at 870.)

An applicant's need for an award of attorney's fees and costs, and the other party's ability to pay it, are usually reflected by their respective earnings and assets as disclosed by the moving and responsive declarations, the current financial declarations, and any other evidence presented at the hearing. However, in making a "need" determination, the family law court cannot simply apply a numerical standard. "We find nothing in . . . [the statutes] which would suggest that the Legislature intended to endorse any fixed measure or percentage as a way to demonstrate need or the lack thereof." (*In re Marriage of O'Connor* (1997) 59 Cal.App.4th 877, 883;and see also *Marriage of Duncan*, *supra*, 90 Cal.App.4th at 631.) Moreover, inquiry concerning relative need and ability to pay must be directed at the parties' present circumstances. (See *In re Marriage of Wolfe* (1985) 173 Cal.App.3d 889, 893.)

Here, the record shows that the trial court considered financial information from both parties. Husband and Wife filed income and expense declarations, and additional

7

financial detail with the help of their respective forensic accountants. The family law court explained that the award was based on "the evidence presented re each party's income and reasonable needs." Further, the court noted that "based upon the evidence presented regarding [Husband's] assets, debts and income that he is able to pay this amount for the legal representation of both parties." The court stated that its findings were "based upon clear and convincing evidence as set forth in the papers filed by the parties and the testimony in the record." Thus, Husband's claim that the trial court based upon the parties' past circumstances in determining the amount of the award is not supported by the record.

While Husband contends the family law court merely applied a numerical standard in determining the amount of the award, the record shows that the court awarded Wife the amount of $63,000 based on "going through all the analysis and all the various factors, which are already on the papers and on the record." Wife presently owed her attorneys nearly $150,000, as of October 31, 2011. The trial court determined, after considering the relevant circumstances, that an award of $63,000 in attorney's and accountant's fees was "the leveling-of-the-playing-field-access-ability-to-pay-for-both category." Specifically, the court explained that Husband had access to $63,000 in funds that Wife did not have. In other words, Wife had a lesser ability to pay for an attorney to represent her interest than Husband. While the amount of $63,000 is calculable as the difference between the fees that Husband paid his attorneys and the fees that Wife paid her attorneys, we disagree with Husband that this necessarily shows that the court simply applied a numerical standard in making the determination.

Further, in determining the amount of a "just and reasonable" award, relative need and ability to pay are not the only considerations. A court should also take into account such factors as the nature and complexity of the litigation, the amount of legal work that is needed, the legal skill required and employed in handling the litigation, the success of counsel's efforts, and the respective attorneys' professional standing and reputation. (*In re Marriage of O'Conner*, *supra*, 59 Cal.App.4th at p. 884; *In re Marriage of Braud* (1996) 45 Cal.App.4th 797, 827; *In re Marriage of Keech*, *supra*, 75 Cal.App.4th at

8

p. 870.)  Here, the record shows that the family law made inquiry concerning the reasonableness of Wife's ex parte applications, and both parties advised the trial court about the legal work Wife's attorneys did.  The court made findings regarding the experience of Wife's attorneys in connection with marital dissolution cases, the hourly billing rates of Wife's attorneys, the nature of the litigation, its difficulty and the skill required and employed in handling the litigation, and the attorney's fees incurred as well as the anticipated fees and why the fees are just, necessary and reasonable.  Thus, the court did not abuse its discretion in determining the amount of the $63,000 award.

## IV.     The Timing of Payment for the $63,000 Award

Husband next contends the family law court erred in ordering the $63,000 award was due in full on or before June 7, 2012, basically two weeks after the date of the court's fee order.  Husband contends the court did not consider whether making the entire amount due and payable in basically two weeks would place an unreasonable burden on him in light of his financial obligations.  Husband argues the court did not conduct an analysis of his assets and obligations, in relation to the timing of payment.  We disagree.

The trial court considered both parties' respective financial information and found that Husband had enough liquid assets to make the $63,000 payment.   Husband owned Disney stock worth $150,000 and had access to an Ameritrade account, although the court did not state the value of the account on the record.  Because the court considered assets which could be monetized, we find the court did not abuse its discretion.

## V.     Future Attorney's Fees and Costs

Husband contends that the family law court erred in awarding Wife future attorney's fees and costs up to $129,000 on a dollar-for-dollar basis, and in awarding Wife trial preparation costs up to $70,000 on a dollar-for-dollar basis.  More specifically, Husband argues that the trial court's analysis of the parties' "relative circumstances"

9

was too narrow and that the trial court's finding of "disparity in access and ability to pay" was based on past circumstances and the assets of non-parties. We are not persuaded.

### A. The $129,000 Order

While acknowledging that the family law court found that Husband had Disney stock worth approximately $150,000 and that he owned an Ameritrade account, Husband argues the court did not mention the value of the account, and did not engage in a broad analysis of the parties' respective financial resources and expenses. Moreover, Husband argues the trial court did not make findings regarding whether he had a specific amount of income available to him on the basis of regular, recurring gifts from his family. He does not dispute, however, that the overwhelming majority of the funds he had used to pay his own attorney's fees and costs came from family. Finally, Husband contends that the funds his family gave him did not represent current circumstances.

As noted previously, the record supports the conclusion that the family law court considered the relative circumstances of both parties, including each party's financial information and access to funds revealed by the income and needs assessment. Similarly, the court made findings that Husband has access to funds from his family, including that his parents "own a bank" and "transfer funds as needed" to pay for Husband's expenses. We agree with Wife that Husband's assets were "commingled" with his parents, as the trial court found that Husband had lived off the largesse of his family during marriage and to the date of the May 24 hearing. Thus, the trial court did not err in making the $129,000 award.

### B. The Amount of the $129,000 Award

In challenging the amount of the $129,000 award, Husband's primary contention is that the family law court applied a numerical standard and fixed an upper limit on the amount based on how much Wife owed in attorney's fees and costs. Not so.

The record shows that the award of $129,000 included Wife's unpaid accountant's fees, $53,000 for costs to Wife's attorneys, and $97,000 in attorney's fees after making deductions for fees the trial court found to be unreasonable, taking away $2,400 to add to

10

the attorney's fees to be paid. Further, this award was made subject to reallocation at time of trial. Where one party has access to additional funds beyond their own earned income, the trial court noted, as background information, that "the typical type of order" is that "for every dollar [the spouse with access to funds] pays [his/her] lawyer or gets from somewhere, a dollar goes to [the spouse without access to funds]." The dollar-for-dollar fee award here would give Wife a chance at maintaining her ability to continue being represented while Husband holds the right to have the fees reallocated should the parties' relative circumstances change.

As previously noted, the family law court considered the relevant factors concerning the complexity of the litigation and the reasonableness of Wife's attorneys' fees. Furthermore, the court took into account of the parties' relative circumstances in determining how much was "reasonably necessary," instead of basing the amount on a numerical standard or fixed measure as Husband alleges. Thus, the trial court did not abuse its discretion in awarding Wife an amount up to $129,000 on a dollar-for-dollar basis, subject to reallocation at time of trial.

### C.  The $70,000 Award

As to the award for Wife trial preparation costs up to $70,000 on a dollar-for-dollar basis, Husband contends that the family law court did not mention the value of his Ameritrade account and erred in not considering the parties' respective income and expenses. Further, Husband argues the court did not make findings regarding whether he had income available to him on the basis of regular, recurring gifts from family. Finally, Husband argues the funds that his family gave him in the past do not represent current circumstances. Because these arguments here are the same as those raised by Husband regarding the other two awards we have already discussed, our previous analyses control here. Thus, we find that the trial court did not abuse its discretion in the making of the award of $70,000 on a dollar-on-dollar basis, subject to reallocation at trial.

### D.  The Amount of the $70,000 Award

Husband's opening brief on appeal does not directly the amount of the $70,000 award for Wife's trial preparation costs, which consists of $50,000 for attorney's fees and

11

$20,000 for accountant's fees.  To the extent Husband implicitly contends the family law court erred by failing to make specific findings about the value of certain of his assets (the Ameritrade account), and by taking into account his family's contributions when the court should not have done so, our conclusions are the same.  We need not address the issue here further other than to summarize that we find no abuse of discretion in making the trial preparation award and the amount, subject to reallocation after trial.

## VI.    Wife's Request for Sanctions Is Denied

We deny Wife's motion for sanctions on appeal on the ground that Husband's appeal is frivolous.  We do not find Husband's arguments on appeal to be so lacking in merit that they justify sanctions.

## DISPOSITION

The family law court's attorney's fees and costs award order is affirmed.  Respondent is awarded costs on appeal.


BIGELOW, P.J.

We concur:



FLIER, J.          GRIMES, J.

12