Filed 6/17/16  Georgi-Juarez v. Juarez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of SANDRA GEORGI-JUAREZ and FERNANDO JUAREZ. | |
| SANDRA GEORGI-JUAREZ, Respondent, v. FERNANDO JUAREZ, Appellant. | G051351 (Super. Ct. No. 13D000049) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Law Offices of Allan E. Perry and Allan E. Perry for Appellant.

John K. York for Respondent.

\*        \*        \*

**INTRODUCTION**

The marriage of Fernando Juarez (Fernando) and Sandra Georgi-Juarez (Sandra) ended by judgment of dissolution entered in August 2014. Fernando appealed from the judgment in a companion appeal (No. G050639), which is the subject of a separate opinion. In this appeal, Fernando challenges the trial court's order under Family Code sections 2030 and 2032 awarding Sandra $20,000 for her estimated attorney fees and costs in appeal No. G050639.[1] We conclude the trial court had jurisdiction to consider Sandra's request for attorney fees and costs and did not err by granting it.

**FACTS AND PROCEDURAL HISTORY**

Sandra and Fernando were married in September 2006. Sandra filed a petition for dissolution of marriage in January 2013. A judgment of dissolution, based on a stipulation of the parties and an order pursuant to Code of Civil Procedure section 664.6, was entered in August 2014.

Fernando appealed from the judgment of dissolution (appeal No. G050639). He contended the trial court erred by ruling that a prenuptial agreement between Sandra and him was unenforceable and by awarding her temporary spousal support and attorney fees.

After Fernando filed his notice of appeal, Sandra requested an order that Fernando pay her $20,000 to cover her estimated attorney fees and costs in appeal

---

[1] This is the full text of Family Code section 2030, subdivision (a)(1): "In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

No. G050639.  By minute order entered on December 11, 2014, the trial court granted

Sandra's request and ordered Fernando to pay Sandra $20,000 under Family Code

section 2030.  On January 21, 2015, Fernando filed a notice of appeal from the

December 11, 2014 order.  On the same day, Fernando filed a request for an order that

Sandra pay him $25,000 to cover his estimated costs and attorney fees in appeal

No. G050639.  Sandra filed a request for an order that Fernando pay her $15,000 to cover

her estimated attorney fees and costs in this appeal and $2,500 to oppose Fernando's

request for attorney fees.

By minute order entered on March 6, 2015, the trial court denied

Fernando's request for an order and granted Sandra's request for an order.  The court

described Fernando's request for attorney fees as "frivolous" and "without any legal or

factual basis."  The court ordered Fernando to pay Sandra $5,000 to cover her estimated

attorney fees in this appeal and $500 to cover attorney fees incurred in opposing

Fernando's request for an order.  A formal order was signed and entered on May 15,

2015.  Fernando did not file a notice of appeal from that order.

## DISCUSSION

### I.

### The Trial Court Had Jurisdiction to Award
### Postjudgment Attorney Fees.

Fernando argues the trial court had no power to make the postjudgment

award of attorney fees because his appeal from the dissolution judgment stayed

proceedings pursuant to Code of Civil Procedure section 916, subdivision (a).

The perfecting of an appeal stays proceedings in the trial court "upon the

judgment or order appealed from or upon the matters embraced therein or affected

thereby" and the trial court "may proceed upon any other matter embraced in the action

and not affected by the judgment or order."  (Code Civ. Proc., § 916, subd. (a).)  The

3

purpose of this rule is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. (*In re Marriage of Askmo* (2000) 85 Cal.App.4th 1032, 1039 (*Askmo*).) "'The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.'" (*Ibid.*)

Thus, whether a matter is embraced in or affected by the judgment or order being appealed within the meaning of Code of Civil Procedure section 916 depends on whether the postjudgment proceedings in the trial court would impair the effectiveness of the appeal. (*In re Marriage of Varner* (1998) 68 Cal.App.4th 932, 936.)

Family Code section 2030, subdivision (a) permits the trial court to order payment of attorney fees and costs as between the parties based upon "disparity in access to funds to retain counsel" and "ability to pay." (Fam. Code, § 2030, subd. (a)(2).) The purpose of ordering payment of attorney fees and costs is to "ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights." (*Id.*, § 2030, subd. (a)(1).) A postjudgment pendente lite order awarding one spouse attorney fees to cover the cost of defending an appeal does not alter the dissolution judgment and does not affect the effectiveness of the appeal. Such an award of appellate attorney fees is not made in conjunction with a determination of the merits of the dissolution action but is intended to ensure that each party has the financial means to properly litigate the controversy. (*In re Marriage of Rosen* (2002) 105 Cal.App.4th 808, 829 (*Rosen*).) A postjudgment order awarding attorney fees to one spouse therefore is not a matter embraced in or affected by the dissolution judgment and, consequently, is not subject to the stay of Code of Civil Procedure section 916, subdivision (a).

Two appellate court decisions lend support to that conclusion. In *Askmo*, *supra*, 85 Cal.App.4th at page 1039, the Court of Appeal concluded a stay pending appeal did not prevent the trial court from making a pendente lite order awarding spousal support and attorney fees pursuant to Family Code section 3600. The husband in *Askmo*

4

had appealed from an order granting the wife's motion for relief from a default judgment of dissolution of marriage.  (*Askmo*, *supra*, at pp. 1034, 1035.)  While that appeal was pending, the trial court granted the wife's motion for pendite lite spousal support and attorney fees.  (*Id.* at pp. 1034, 1036.)  The husband argued the trial court could not issue an order awarding the wife spousal support and attorney fees while his appeal was pending.  (*Id.* at p. 1039.)  The Court of Appeal rejected that argument because a pendente lite award of support and attorney fees is not an order made after or in conjunction with a determination of the merits of a dissolution action and "does not alter the judgment or order from which the appeal was taken."  (*Ibid*.)

In *In re Marriage of Stachon* (1978) 77 Cal.App.3d 506, 508 (*Stachon*), the trial court awarded attorney fees to the ex-wife under former Civil Code section 4370, subdivision (a) to defend the ex-husband's appeal from an order increasing the ex-husband's child support payments.  The ex-husband argued that under Code of Civil Procedure section 916, subdivision (a), his appeal stayed proceedings in the trial court with respect to the order he appealed from and, therefore, the court lacked jurisdiction to award the ex-wife attorney fees.  (*Stachon*, *supra*, at p. 508.)  The Court of Appeal rejected that argument:  "[I]f the filing of the notice of appeal deprived the trial court of its power to make an award of attorneys' fees and costs, 'then there would be created by law the absurd situation in which it would be impossible for the party defending against an appeal to obtain fees or costs until after the appeal was completed. . . . This flies in the face . . . of logic.'  It is obvious that appellant found no reported appellate decisions to support his contention because an award of attorneys' fees is clearly authorized under [former Civil Code] section 4370, subdivision (a), to defend the appeal."  (*Id.* at p. 509.)

Fernando argues *Stachon* is inapposite because it dealt with an award of attorney fees after the ex-husband appealed from an order increasing his child support payments.  This is a distinction without a difference.  The trial court in *Stachon* awarded attorney fees under former Civil Code section 4370, subdivision (a).  Family Code

5

section 2030, under which the trial court in this case made its award of attorney fees, is the successor to former Civil Code section 4370, subdivision (a) and "continues former Civil Code Section 4370(a) without substantive change." (Cal. Law Revision Com. com., 29D West's Ann. Fam. Code (2004 ed.) foll. § 2030, p. 69.) An award of appellate attorney fees, whether to defend an appeal from an order increasing child support or a judgment of dissolution, does not alter the judgment or order and does not affect the effectiveness of the appeal.

**II.**

**The Trial Court Did Not Err by Awarding Sandra
Postjudgment Attorney Fees.**

Fernando argues the trial court erred by awarding Sandra $20,000 in attorney fees because, he claims, Sandra "was a millionaire with $1.5 million in assets at her disposal." An award of attorney fees under Family Code section 2030 is reviewed under the abuse of discretion standard. (*Rosen*, *supra*, 105 Cal.App.4th at p. 829.) We find no abuse of discretion.

The purpose of an award of attorney fees and costs under Family Code section 2030, subdivision (a)(1) is "'to provide one of the parties, if necessary, with an amount adequate to properly litigate the controversy.'" (*Rosen*, *supra*, 105 Cal.App.4th at p. 829.) "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (Fam. Code, § 2030, subd. (a)(2).)

The trial court may award attorney fees under Family Code section 2030 "where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (Fam. Code, § 2032,

6

subd. (a).) "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in [Family Code] Section 4320." (*Id.*, § 2032, subd. (b).) "The parties' circumstances described in section 4320 '"include assets, debts and earning ability of both parties, ability to pay, duration of the marriage, and the age and health of the parties."'" (*Rosen*, *supra*, 105 Cal.App.4th at p. 829.) "In assessing one party's relative need and the other party's ability to pay, the family court may consider all evidence concerning the parties' current incomes, assets, and abilities, including investments and income-producing properties." (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662 (*Sorge*).)

The trial court considered Sandra's request for attorney fees and, in its December 2014 minute order, found "an award of attorney fees under Family Code section 2030 is appropriate, there is a disparity in access to funds, and [Fernando] has the ability to pay for the legal representation of both parties." (Boldface omitted.) The trial court considered Fernando's and Sandra's respective financial conditions and found: "[Fernando] has income of well over $30,000 per month and he has only $14,000 per month in estimated expenses. [Sandra]'s income is only $2,500 per month, and she has estimated expenses of $4,601 per month. Even if the court imputed income based on her stocks and bonds (a request never made by [Fernando]), it is unlikely the imputed income combined with her other income would seriously exceed her expenses."

Fernando argues the trial court failed to consider Sandra's ability to pay attorney fees, her assets, or her earning capacity. Even if that were true, Sandra's ability to pay her own attorney fees is not dispositive. In determining whether to award attorney fees, the court considers whether an award and its amount "are just and reasonable under *relative circumstances* of the respective parties." (Fam. Code, § 2032, subd. (a), italics

7

added.)  "The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances."  (*Id.*, § 2032, subd. (b).)

In *In re Marriage of O'Connor* (1997) 59 Cal.App.4th 877, 879 (*O'Connor*), the Court of Appeal concluded that provision from Family Code section 2032, subdivision (b) "means exactly what is says."  The husband in *O'Connor* had $2 million in assets and the wife had at least $40 million in assets.  (*O'Connor*, *supra*, at p. 879.)  In the early stages of the litigation, the husband was awarded $250,000 pendente lite attorney fees from the wife, and later was awarded another $450,000.  (*Id.* at pp. 879-881.)  The wife contended the trial court erred by awarding attorney fees to the husband because he had the ability to pay his own fees and therefore did not have a need, as that term is used in section 2032, subdivision (b), for a pendente lite attorney fees award.  (*O'Connor*, *supra*, at p. 881.)

The Court of Appeal rejected the wife's interpretation of "need."  The attorney fees statute (now Family Code section 2032, subdivision (a)) had been recently amended to add the word "'relative'" so that it provided that the court was to award attorney fees based on a determination of what is "'just and reasonable under the relative circumstances of the respective parties.'"  (*O'Connor*, *supra*, 59 Cal.App.4th at p. 882.) In addition, the attorney fees statute (now Family Code section 2032, subdivision (b)) had been amended to add the provision that the ability of one party to pay for that party's own attorney fees and costs was not a bar to an order that the other party pay for all or part of them.  (*O'Connor*, *supra*, at pp. 882-883.)  The court reasoned these amendments by their express language permitted the trial court to weigh the parties' relative circumstances in

8

determining need and to award attorney fees to a party having the ability to pay them. (*Id.* at pp. 879, 883.)

In *Sorge*, *supra*, 202 Cal.App.4th 626, the Court of Appeal upheld awards of attorney fees to the ex-wife even though she had the financial resources to pay her own fees. The trial court made an order awarding the ex-wife $200,000 in attorney fees, despite the ex-wife's ability to pay the fees herself, based on findings that the ex-husband accounted for 80 percent of the parties' combined incomes and about 85 percent of the parties' combined assets. (*Id.* at pp. 659-660.) Later, the trial court awarded the ex-wife $60,000 in attorney fees to cover the costs of defending the ex-husband's appeal. (*Id.* at p. 637.) In making that award, the trial court found there was a $40 million disparity in assets between the parties. (*Id.* at pp. 637-638, 660.) On appeal, the ex-husband asserted that the trial court abused its discretion because the ex-wife was worth $14 million, was receiving more than $16,000 per month in spousal and child support, and had been awarded over $414,000 in retroactive child support, and that the trial court made the award of attorney fees only because the ex-husband had a greater net worth than the ex-wife. (*Id.* at p. 662.)

The Court of Appeal affirmed the fee awards and rejected the ex-husband's argument the ex-wife had no need for assistance in paying attorney fees. (*Sorge*, *supra*, 202 Cal.App.4th at pp. 662-663.) The Court of Appeal explained that Family Code section 2032, subdivision (b) is concerned with relative need and, therefore, the trial court could consider the ex-husband's significantly greater net worth in deciding whether to award the ex-wife some or all of the attorney fees requested. (*Sorge*, *supra*, at pp. 662-663.) The trial court appropriately considered the parties' relative financial circumstances and did not abuse its discretion "in concluding that [the ex-husband]'s wealth relative to his also wealthy ex-wife is such that an award of attorney fees to [the ex-wife] would be appropriate under these circumstances." (*Id.* at p. 663.)

9

In this case, the trial court appropriately weighed the relative circumstances of Fernando and Sandra. The court found that Sandra had a monthly income of $2,500 and monthly expenses of $4,601. The evidence in the record and the trial court's findings demonstrate that there was a disparity in access to funds to retain counsel and that Fernando had the ability to pay for legal representation of both parties. (Fam. Code, § 2030, subd. (a)(2).) Although the trial court did not make any express findings regarding Sandra's assets, the trial court made the finding "there is a disparity in access to funds" (*ibid.*) and, given the record, this is sufficient under the circumstances to uphold the attorney fees award. The trial court did not abuse its discretion by awarding attorney fees and costs to Sandra.

## DISPOSITION

The order granting Sandra's request for attorney fees is affirmed. Respondent shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

10