Filed 11/20/23  Marriage of C.D. and G.D. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of C.D. and G.D. | 2d Civil Nos. B322858, B325287 (Super. Ct. No. D388847) (Ventura County) |
| C.D., Appellant, v. G.D. et al., Respondent. | |

C.D. (Mother) appeals from the postjudgment order granting G.D. (Father) therapeutic visitation with their minor daughters and modifying a domestic violence restraining order (DVRO) to permit such visitation.  Mother contends the therapeutic visitation order must be vacated because she has exclusive authority to determine whether to permit such visitation, Father did not obtain joint custody of his daughters

before seeking the order, and Father has not shown that therapeutic visitation would be in the girls' best interests. She contends the DVRO modification must be vacated because Father did not provide adequate notice and there is insufficient evidence to support modification. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Mother and Father married in 2013. Their twin daughters, F.D. and S.D., were born four years later. Soon thereafter, Mother petitioned to dissolve the marriage. The trial court approved the dissolution petition and, after finding that Father had sexually abused F.D. and S.D., granted Mother sole legal custody. The court also barred Father from visiting his daughters, and entered a DVRO forbidding him from contacting them for five years. We affirmed the judgment on appeal. (*In re Marriage of C.D. & G.D.* (2023) 95 Cal.App.5th 378, 387.)

While that appeal was pending, Father requested that the trial court stay the visitation provisions of the judgment and DVRO to permit him weekly therapeutic visits and twice-weekly supervised visits with his daughters. Therapeutic visits consist of visits between the parent and the child, supervised by a therapist or professional supervisor, as agreed upon by the child's therapist and minor's counsel. In a declaration attached to his request, Father said that he had not molested his daughters and that visitation was in their best interests because it would ensure "that there [would] not be an extended interruption to their relationship with" him.

Prior to the hearing on Father's request, a mediator with expertise on family custody issues recommended that the trial court grant Father's request for therapeutic visitation with F.D. and S.D. At the hearing F.D. and S.D.'s appointed counsel said

that she had spoken to the therapist who had worked with the girls during the dissolution proceedings. Based on those conversations, she too recommended therapeutic visitation. The court agreed. It ordered twice-monthly therapeutic visits, and modification of the DVRO to permit such visitation. It did not grant Father's request for supervised visitation.

## DISCUSSION

### *Standard of review*

We review modifications of visitation orders and DVROs for abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 [visitation orders]; *Malinowski v. Martin* (2023) 93 Cal.App.5th 681, 692 (*Malinowski*) [DVROs].) A court abuses its discretion if its decision rests on a misapplication of the law. (*In re Marriage of McKean* (2019) 41 Cal.App.5th 1083, 1089.) A court also abuses its discretion if "its findings are not supported by substantial evidence." (*In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 238, superseded by statute on another point as stated in *In re Marriage of O'Connor* (1997) 59 Cal.App.4th 877, 882.)

### *Therapeutic visitation*

Mother contends the trial court abused its discretion when it granted Father's request for therapeutic visitation with F.D. and S.D. We disagree.

A parent with " '[s]ole legal custody' . . . [has] the right and the responsibility to make . . . decisions relating to the health, education, and welfare of a child." (Fam. Code, § 3006.) To Mother, this provision of the Family Code grants her the exclusive right to decide whether and under what conditions her daughters will have therapeutic visitation with Father. Family Code section 3006 is not so absolute. In dissolution matters, a

3

court retains an interest in and jurisdiction over "the custody, care, and maintenance of . . . minor children . . . during their . . . minority." (*Moore v. Superior Court* (1928) 203 Cal. 238, 242-243.) This includes the power to order children to participate in therapy for up to one year (see Fam. Code, § 3190, subd. (a)[1]) and the power to modify an existing visitation arrangement (see, e.g., *In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072 (*Lucio*)). We accordingly reject Mother's first challenge to the trial court's therapeutic visitation order.

Mother next claims Father was required to obtain joint custody of F.D. and S.D. before seeking therapeutic visitation, something he could not do without showing a significant change in circumstances. (Cf. *Burchard v. Garay* (1986) 42 Cal.3d 531, 535 [once initial custody order is in place, court must "preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest"].) But "the changed circumstance rule does not apply when a parent requests only a change in the parenting or visitation arrangement not amounting to a change

---

[1] For the first time in her reply brief, Mother argues the trial court did not comply with the provisions of Family Code section 3190, which requires us to nullify the therapeutic visitation order. We decline to resolve this argument because the order, now more than one year old, has expired. (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [appellate court generally declines to resolve moot questions that are "essentially factual in nature"].) And even if it hadn't, we generally do not resolve arguments raised for the first time in a reply brief (*Gund v. County of Trinity* (2020) 10 Cal.5th 503, 525) or those not raised during proceedings in the trial court (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1).

from joint custody to sole custody, or vice versa." (*Lucio, supra,* 161 Cal.App.4th at p. 1072.) "Instead, the trial court considers a request to change the parenting or visitation arrangement under the best interests of the child standard." (*Ibid.*) Here, Father requested therapeutic visitation with F.D. and S.D., not joint custody of them. The "best interests of the child" standard therefore applies.

Mother claims Father did not meet it because the only evidence supporting therapeutic visitation was the declaration attached to his request. (Cf. *Lucio, supra,* 161 Cal.App.4th at pp. 1077-1080 [parent requesting change in visitation bears burden of showing change would be in child's best interest].) But she does not explain why that declaration provides an insufficient basis to uphold the trial court's finding that therapeutic visitation would be in F.D.'s and S.D.'s best interests. (*In re Marriage of Alexander* (1989) 212 Cal.App.3d 677, 682 [declaration of party may constitute substantial evidence]; see also *Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 483-484 [Code of Civil Procedure section 2009 permits courts to determine motions on declarations alone].) Moreover, Mother ignores that the mediator also recommended that the court approve Father's therapeutic visitation request. Because Father's declaration and the mediator's recommendation provide substantial evidence to support the trial court's finding that therapeutic visitation would be in F.D.'s and S.D.'s best interests, there was no abuse of discretion.

*DVRO modification*

Mother contends the order modifying the DVRO must be vacated because Father did not provide notice he was seeking modification. She argues such notice is required by Code of Civil

5

Procedure section 533. But as our colleagues in the First District recently explained, that section does not set forth the exclusive means by which a DVRO can be modified. (*Malinowski*, *supra*, 93 Cal.App.5th at pp. 690-697.) "[A] trial court is not necessarily obligated to proceed under [Code of Civil Procedure] section 533 before modifying a [DVRO] to allow for exceptions consistent with child visitation ordered in a parallel dissolution case." (*Id.* at p. 685.)

Moreover, Mother *had* notice that Father was seeking modification: His request asked the court to stay the visitation provisions of the DVRO to permit therapeutic visits with F.D. and S.D. And staying or modifying portions of the DVRO would obviously be required to "avoid inconsistent rulings" if the court were to grant Father's request for therapeutic visits. (*Malinowski*, *supra*, 93 Cal.App.5th at p. 693, fn. 7.) It is easily inferred that Mother recognized this; she argued against Father's request by noting that the "domestic violence restraining order . . . was issued for a reason."

Alternatively, Mother contends there is insufficient evidence to support modification of the DVRO. We reject this contention for the same reasons we reject her sufficiency-of-the-evidence challenge to the therapeutic visitation order. (See p. 5, *ante*.)

## DISPOSITION

The order granting G.D.'s request for therapeutic visitation with F.D. and S.D., entered October 4, 2022, is affirmed. The order modifying the domestic violence restraining order solely to

permit such visitation, entered October 25, 2022, is also affirmed. G.D. shall recover his costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.


7

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Law Offices of Jeffrey A. Slott, Jeffrey A. Slott; The Law Office of Greg May and Greg May for Appellant.

Taylor, McCord, Praver & Cherry, Patrick G. Cherry; Ventura Coast Law and Douglas K. Goldwater for Respondent.